The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Mary Moore Hoag, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award.
* * * * * * * * * * *
This case involves an admittedly compensable injury to plaintiff's left hand sustained on 6 November 1989. A Form 18 originally was filed by plaintiff with the Industrial Commission on 11 October 1991 describing the injury to the left hand. A Form 21 Agreement was entered into between the parties on 18 June 1990. Plaintiff was out of work for a total of 18 5/7 weeks.
On 6 March 1995, plaintiff filed an amended Form 33 and an amended Form 18, alleging the original accident date, 6 November 1989, plus an additional accident date on 1 May 1990. In the amended forms the injuries enumerated a right hand as well as a left hand injury and also an injury to the right hand, arm and shoulder sustained when plaintiff returned to work at Stanly Knitting Mills and attempted to pick up a bundle of cloth with her right arm.
On 9 March 1995, defendants filed a Motion to amend the Form 21 and to dismiss plaintiff's claims of right hand, arm and shoulder injury first asserted in 1995 as being beyond the purview of N.C. Gen. Stat. § 97-24. The hearing on 20 April 1995 in Wadesboro initially focused on defendants' motions and was followed immediately by a hearing on plaintiff's claim for permanent total disability benefits.
A Pre-Trial Agreement, signed by both parties and submitted to Deputy Commissioner Hoag prior to the hearing on 20 April 1995, is made part of the record hereof. This case is now ready for Decision.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the admittedly compensable injury by accident the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at all relevant times.
3. Aetna Life Casualty Insurance Company was the carrier on the risk.
4. Plaintiff's average weekly wage was $270.00.
5. The date of the admittedly compensable injury by accident was 6 November 1989.
6. Medical records relating to plaintiff's hand injury including the medical records of Dr. Stephen J. Naso, Dr. Alan Ward, Dr. William R. Griffin, Jr. and Dr. Barry T. Passini.
Judicial notice is taken of the Social Security Administration Decision by Judge Theodore Haynes of the Social Security Administration in his Opinion dated 24 October 1991, resulting in a favorable decision and awarding plaintiff disability benefits. The file reference number is 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.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a forty-two year old female with three children. Plaintiff has worked in the textile industry her whole life and for the last twelve years has been employed at Stanly Knitting Mills in the sewing department.
2. On 6 November 1989, plaintiff suffered an admittedly compensable injury by accident to her left wrist when pulling cuffs as she was working in the Outer Wear sewing department. Plaintiff initially received treatment and continued sporadically to be treated by the company nurse, Ms. Donna Honeycutt. At the same time she sought treatment from several doctors including Dr. Surendropal Singh Mac, Dr. Stephen J. Naso, Dr. Alan Ward, Dr. William R. Griffin, Jr. and Dr. Barry T. Passini.
3. The medical records, including those of the treating physicians and Industrial Commission file documents and lay testimony are replete with errors regarding the correct designation of the hand actually injured by plaintiff on 6 November 1989. Although plaintiff initially stated she had an injury to her left hand and wrist, and so reported in her Form 18, the Form 19 filed by defendant-employer inexplicably indicated that the injury was to the right hand. The notes made contemporaneously by Ms. Honeycutt and kept as part of company records during the time period plaintiff was a patient at the company medical department refer to a left hand injury and do not include any mention of a right hand injury.
4. In addition, medical records of all the doctors referred to above indicate that at the time plaintiff originally presented and was examined by each physician, she referred to a history of pain in the left hand. The first mention of a problem in the upper right extremity is revealed in the medical records of Dr. Ward in May of 1990, when the right shoulder is mentioned.
5. Notes taken contemporaneously by Ms. Honeycutt reference a left hand injury on entries made on November 17, 1989, January 2, 1990, January 3, 1990, January 8, 1990 and January 11, 1990.
6. Plaintiff was originally treated by Dr. Mac on January 8, 1990. However, it was Dr. Alan Ward who treated plaintiff during her periods of temporary total disability. Dr. Ward's note of February 26, 1990, indicates that plaintiff had flexion tendinitis of the left wrist affecting the left median and ulnar nerves as well as the left index finger with triggering.
7. Plaintiff was also seen by Dr. William R. Griffin of the Mecklenburg Orthopaedic Associates on January 15, 1990. Plaintiff presented to Dr. Griffin with complaints of pain in her left hand.
8. It is the medical records of Dr. Barry Passini which muddy the waters further concerning the hand actually injured by plaintiff in 1989. However, the silt soon settles after a closer examination of the records. In the context of an entire letter written by Dr. Passini on July 24, 1990, there is one of inadvertent reference to right hand pain. Since elsewhere in the letter Dr. Passini refers to his impressions of plaintiff's left hand and wrist pain, it is clear that the sole reference to right hand pain is a typographical error.
9. Thus, the weight of the medical testimony lends credence to the defendants' assertion that plaintiff, on 6 November 1989, injured her left hand and wrist and was treated both inside the company and by outside physicians for that injury to the left wrist and recompensed for medical expenses and temporary total disability pursuant to a Form 21, which all parties signed containing erroneously a reference to a right hand injury. No physician ever diagnosed plaintiff as having flexion tendinitis or other right hand problems in 1989 or 1990. Moreover, all references to plaintiff's initial injury are made as to one hand, not hands, plural.
10. The ratings given to plaintiff for her compensable left hand injury are, at just a glance, also somewhat confusing. In submitting his rating on November 28, 1990, Dr. Naso gives a 5% disability to the right hand. However, in response to a letter by counsel for defendant asking clarification regarding which hand was actually injured, Dr. Naso, on October 14, 1994, sent a corrected rating form and indicated in his letter that he had treated and rated plaintiff's left hand.
11. Dr. Allen Ward, on January 25, 1990, gave plaintiff a 5% rating to the "hand" without designating which hand was referred to. However, in a letter to counsel for defendants dated June 6, 1995, Dr. Ward indicated that the actual injury in the rating was for plaintiff's left hand.
12. The Social Security Administration decision of Judge Haynes in his Opinion dated October 24, 1991, further elucidates the issue of which hand was injured. The Opinion refers to a rating given to plaintiff's left hand.
13. Therefore, despite failure to cite which hand was being cited as having 5% impairment in the case of Dr. Ward or the incorrect designation of the impaired hand given a rating of 5% by Dr. Naso, both doctors upon revisiting the issue emphatically indicated that plaintiff's left hand was being rated.
14. The problem of designation on the Form 21 of plaintiff's injury as "FX tendinitis rt. hand" remains. Both plaintiff and defendant signed the documents and both were represented by an attorney. However, all who signed apparently failed to recognize or overlooked the drafting error. Kathy Schneider, the claims adjuster at Aetna Life and Casualty Insurance Company who drafted the Form 21, submitted an affidavit asserting she relied upon the rating form of Dr. Naso in drafting the Form 21 Agreement. Dr. Naso's rating form, supra, indicated that the disability impairment was to plaintiff's right hand. However, Ms. Schneider was herself in error since Dr. Naso's rating form had not yet been prepared at the time the Form 21 Agreement was being drafted. In fact, Ms. Schneider stated at the hearing she had relied upon the Form 19 submitted by Stanly Knitting Mills in drawing up the Form 21.
15. Ms. Horton has been reimbursed in accordance with a Form 21 Agreement and defendants do not wish to change the compensation in any way. Rather, they are attempting to clarify a confused record made considerably more confused by typographical errors in the medical reports and disability ratings issued by the treating physicians. It would not be of any importance to amend or set aside the Form 21 Agreement except for the fact that in 1995 plaintiff has attempted to suggest that her original injury included problems with the right hand and arm as well as with the left hand. Such "piggybacking" an injury to both hands onto the claim for one hand would have the result of avoiding the statute of limitations.
16. It seems clear however, that with regard to the Form 21 Agreement, both parties were mutually mistaken as to the hand referred to and it was in fact the left hand and not the right hand of the plaintiff which was initially injured in the compensable accident which occurred on 6 November 1989.
17. There is no indication in the original Form 18 filed by plaintiff with the Industrial Commission on October 11, 1991, that there was an injury to the right arm or shoulder. There is some mention in the notes and records of Dr. Ward indicating the existence of pain in plaintiff's right shoulder. However, there is no reference to any specific accident nor did plaintiff ever report an arm or shoulder injury in the 1989-1991 time period to the company nurse.
18. The first notice of right arm or shoulder injury by the plaintiff is contained in the amended Form 18 filed by plaintiff on March 6, 1995. In that form, the plaintiff contends she injured her right shoulder, arm and hand in May of 1990. Plaintiff has recounted a separate accident which took place at Stanly Knitting Mills in May, 1990. Moreover, at the time plaintiff allegedly suffered an injury by accident in May of 1990, she was pregnant.
19. No egregious circumstances exist in this case which would equitably estop defendants from asserting a time bar under N.C. Gen. Stat. § 97-24.
20. The filing of an amended Form 18 in 1995 for an injury which occurred in 1990, is beyond the two year limitation permissible under the Workers' Compensation Act.
* * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The Industrial Commission may set aside or modify an agreement for compensation approved by the Commission on the grounds of mutual mistake. N.C. Gen. Stat. § 97-17. A mutual mistake of fact existed in this case regarding the Form 21. Both parties signed the Form 21 representing to the Commission that plaintiff had undergone a compensable injury by accident to the right hand. There is no suggestion that the designation of injury to the right hand represented a compromise of disputed or uncertain data. The weight of the evidence and the medical testimony in its entirety supports the conclusion that the Form 21 designation of plaintiff's right arm as being injured was a mutual mistake of fact. Both parties had the facts before them. The designation of the right hand as opposed to the left was either a mutual mistake or fraudulent and there is no evidence of bad intent on the part of the insurance company which drew up the form.
2. A Form 21 Agreement is not a final Award, but an interlocutory one, which is appropriate to set aside or modify pursuant to N.C. Gen. Stat. § 97-17, in the event of fraud, misrepresentation, undue influence or in cases such as the one subjudice in which a mutual mistake has been made. It is within the province of the Industrial Commission to set aside or modify an Interlocutory Award such as the Form 21. Beard v. BlumenthalJewish Home, 87 N.C. App. 58, 359 S.E.2d 261 (1987). The designated portion of the Form 21 Agreement which states that plaintiff had an injury to the right hand, approved by all the parties, must be set aside due to mutual mistake of fact and the designation of plaintiff's left hand as opposed to the right must be substituted.
3. Setting aside or modification of an Award is not improper even though it may occur some years since the signing of the original Agreement. Cockrell v. Evans Lumber Co., 103 N.C. App. 359,407 S.E.2d 248 (1991).
4. No notice of plaintiff's claims of injuries to the right hand, right arm or right shoulder were given to defendant until the amended Form 18 and Form 33R were filed on March 6, 1995. Since this is four years subsequent to an injury which was alleged to have occurred in May of 1990, it is beyond the two year statutory period mandated by N.C. Gen. Stat. § 97-24. Thus, compensation for injuries to the right hand, right arm or right shoulder are barred.
5. There are no egregious circumstances present in the casesub judice to prevent defendants or to equitably estop them from asserting a time bar under N.C. Gen. Stat. § 97-24. Reinhardt v.Woman's Pavilion, Inc., 102 N.C. App. 83, 401 S.E.2d 138 (1991). Thus plaintiff has failed to meet its burden of proof necessary for bringing the doctrine of estoppel into play.
6. Nor is this a change of condition case under N.C. Gen. Stat. § 97-47. The only agreement entered into in the Form 21 by the parties was for a hand injury for flexion tendinitis. There was never any indication or existence in medical records of an arm, shoulder, or carpal tunnel injury on either upper extremity.
7. Payment of medical bills is not established or permissible in estoppel to prevent the application of N.C. Gen. Stat. § 97-24. Abels v. Renfrow Corp., 100 N.C. App. 186,394 S.E.2d 674 (1990).
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission Affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. Defendant's Motion to set aside and modify the Form 21 Agreement is GRANTED. That portion of the Form 21 which was approved by the Commission which designates the injury to plaintiff as being to the right hand must be set aside and due to mutual mistake of fact and revised to indicate that the injury was to the left hand. Therefore defendant's Motion is GRANTED.
2. Defendant's Motion to Dismiss the claim due to the time bar of N.C. Gen. Stat. § 97-24 is GRANTED.
3. Plaintiff's Motion to have plaintiff's injuries to the right hand, arm and shoulder permitted to be asserted as a change of condition under N.C. Gen. Stat. § 97-47 is DENIED.
4. Plaintiff's Motion to prevent the claim from being time barred due to the Doctrine of Equitable Estoppel is DENIED.
5. Plaintiff and defendant shall divide the costs, 50% to each side.
 S/ _________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING:
S/ _________________________ COY M. VANCE