WILLIAM ELLER v. A. C. LAWRENCE LEATHER CO., ET AL.

(Filed 24 February, 1943.)

**1. Master and Servant § 47—**

A finding by the Industrial Commission that plaintiff was not capable of coherent, normal thought at the time of his examination by physicians falls short of a finding that he was prevented from giving written notice of his injury by reason of physical or mental incapacity so as to entitle him to the benefits which may have accrued under the N. C. Workmen's Compensation Act, sec. 22, ch. 120, Public Laws 1929, prior to the giving of such notice.

**2. Same—**

A finding by the Industrial Commission under the N. C. Workmen's Compensation Act, sec. 22, ch. 120, Public Laws 1929, that the employer has not been prejudiced by the failure of the plaintiff to give notice of the injury within 30 days after the accident, suffices to sustain the award from and after such notice; but not for benefits which may have accrued prior thereto.

PETITION to rehear this case, reported *ante,* 23.

*Edwards & Leatherwood for plaintiff.*
*Morgan & Ward and Jones, Ward & Jones for defendants.*

STACY, C. J.　The case was brought back for reconsideration of one matter because of an alleged oversight in the application of section 22 of the Workmen's Compensation Act (ch. 120, Public Laws 1929) to the facts of the instant record.　This section provides that immediately upon the occurrence of an accident, or as soon thereafter as practicable, written notice shall be given to the employer of the accident, and the injured employee is not entitled to physician's fees nor to any compensation which may have accrued under this article prior to the giving of such notice, "unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the party required to give such notice had been prevented from doing so by reason of physical or mental incapacity, or fraud or deceit of some third person." It is further provided that no compensation shall be payable unless such written notice is given within thirty days after the occurrence of the accident or death, "unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice, and the Commission is satisfied that the employer has not been prejudiced thereby."

Thus, it will be seen that the injured employee is not entitled to any benefits which may have accrued under the article prior to the giving of

written notice of the accident, unless it can be shown that the employer, his agent or representative, had knowledge of the accident, or that the injured employee had been prevented from giving such notice by reason of physical or mental incapacity, or the fraud or deceit of some third person, and that no compensation is payable unless such written notice is given within thirty days after the occurrence of the accident or death, unless reasonable excuse is made to the satisfaction of the Industrial Commission, and the Commission is satisfied the employer has not been prejudiced thereby.

Here, the Commission finds that the injured employee, plaintiff herein, sustained an injury by accident 15 September, 1939, which arose out of and in the course of his employment; that he became totally disabled therefrom on 26 January, 1940; and that he gave written notice thereof to the employer on 31 May, 1940.

The Commission further finds (1) that "from all the evidence it would appear reasonable to believe the plaintiff on account of the type of his injury and of his suffering, his memory was affected, and he was not capable at the time he was examined by the physicians of coherent, normal thought; and, (2) that "the employer has not been prejudiced by the failure of the plaintiff to give said defendant notice prior to the time said notice was given. . . . For a long time, neither the doctor nor the plaintiff was able to ascertain the condition from which he was suffering and the cause of it."

Upon these findings, the Commission awarded compensation from 26 January, 1940, to the date of the hearing, and thereafter "so long as the plaintiff's physical condition does not improve within the total limits of 400 weeks or $6,000 as provided by the terms of the Act."

A careful perusal of the finding that plaintiff was not capable of coherent, normal thought at the time of his examination by the physicians engenders the conclusion that it falls short of a finding he was prevented from giving written notice of his injury "by reason of physical or mental incapacity" so as to entitle him to the benefits which may have accrued under the article prior to the giving of such notice. Indeed, the purpose of this finding was to explain the delay in ascertaining the cause of plaintiff's injury. The second finding that the employer has not been prejudiced by the failure of the plaintiff to give notice of the injury within thirty days after the accident, suffices to sustain the award from and after such notice, but not for benefits which may have accrued prior thereto. The judgment will be modified accordingly.

Petition allowed.