BENNY RAY CROSS, Employee v. FIELDCREST MILLS, INC.,
Employer

No. 7319IC195

(Filed 25 July 1973)

1. **Master and Servant § 91— workmen's compensation — filing claim — letter from plaintiff's attorney**

    Letter from plaintiff's counsel to the Industrial Commission which specifically requested a hearing upon plaintiff's alleged injury and which was written within two years after the alleged accident and injury sufficiently complied with the requirement of G.S. 97-24 that a claim be filed with the Industrial Commission within two years after the accident.

2. **Master and Servant § 90— workmen's compensation — absence of notice to employer — reasonable excuse — prejudice**

    The Industrial Commission did not err in deferring a decision as to whether plaintiff's claim for workmen's compensation was barred because of plaintiff's failure to give written notice of the accident within 30 days thereafter to his employer as required by G.S. 97-22 where there was no evidence upon which the Commission could determine whether plaintiff had a reasonable excuse for failing to give such notice or whether defendant employer had been prejudiced by the absence of such notice.

APPEAL by defendant-employer from an order of the Industrial Commission holding that claim for an alleged injury had been timely filed.

On 14 September 1971, plaintiff filed a request with the North Carolina Industrial Commission that his claim be assigned for hearing. On 4 October 1971, plaintiff gave notice of his accident to defendant-employer. Deputy Commissioner C. A. Dandelake presided at a hearing on 29 June 1972, in Carthage, Moore County, for the purpose of taking the testimony of Dr. C. H. Neville, who treated plaintiff's back.

At the conclusion of that hearing defendant filed a written motion for dismissal of the claim due to the fact that plaintiff had failed to give written notice of his accident to defendant-employer within thirty days after the alleged occurrence as required by G.S. 97-22, and that plaintiff also had failed to file a claim with the Industrial Commission within the two-year time period specified in G.S. 97-24. Defendant's motion for dismissal for failure to file claim under G.S. 97-24 was denied and the case was ordered reset for hearing. No finding was made as to defendant's contention concerning G.S. 97-22.

Defendant appealed the ruling of the Deputy Commissioner to the full Commission. The full Commission affirmed the Deputy Commissioner's order, finding that a 30 April 1970 letter from plaintiff's counsel to the Industrial Commission "stopped the running of the statute as regards G.S. 97-24." The full Commission noted that the Deputy Commissioner's order made no finding as to the application of G.S. 97-22, and stated its opinion that failure to give notice as provided in G.S. 97-22 is not fatal to an employee's claim. It stated that such failure operates only to deprive plaintiff of benefits which may have accrued from the date of the accident to the date such notice was actually given, "if the employer had not been prejudiced by the failure to give notice within 30 days." The full Commission concluded that no evidence has been presented to support a determination of the application of G.S. 97-22, and that such a determination could only be made after a hearing at which such evidence was offered.

From the order of the full Commission affirming the Deputy Commissioner's order, defendant appealed.

*Thomas W. Earnhardt, and Poyner, Geraghty, Hartsfield and Townsend, by David W. Long, for defendant appellant.*

*No appearance contra.*

BROCK, Judge.

The Commission's file contains a letter dated 30 April 1970 written to it by plaintiff's attorney which reads as follows:

"Reference your letter to me dated 20 March 1970, I call to your attention Dr. Neville's report which was forwarded to me in your letter. Dr. Neville refers to seeing Mr. Cross on October 30, 1969 for his previous injury. This is the previous injury that occurred at Fieldcrest Mills. Also attached hereto is another report from Dr. Neville from Moore Memorial Hospital in which he refers to this injury of Mr. Cross at Fieldcrest Mills in the second week of December 1968. This is as close as we can pinpoint it as to time at this late date."

"A hearing has been set to hear this matter against J. P. Stevens on 26 May 1970. We do not wish to go into this hearing until the files are located in regard to the Fieldcrest Mills case and at that time we wish both of

Cross v. Fieldcrest Mills

these cases to be heard at the same time. There may be some question about aggravation of the pre-existing injury from Fieldcrest during the J. P. Stevens fall. However, there may be some concern on the part of the Hearing Commissioner that all of the injury the Plaintiff is now complaining of did not come out of the J. P. Stevens fall. At any rate, we want both of these cases heard together so that there will be no problem about it."

"Please check your records immediately and advise if you have a record of the Fieldcrest injury in December 1968."

"Until your reply, I remain . . . . "

[1] The foregoing letter was written within two years of the alleged December 1968 accident and injury to plaintiff while employed by defendant. The Commission, in effect, held that the letter constituted sufficient claim and compliance with G.S. 97-24 to vest jurisdiction of the 1968 accident in the Commission. Although the letter constitutes a rather minimal compliance with the statute with respect to filing a claim with the Commission, it nevertheless specifically requests a hearing upon the alleged 1968 injury. We hold that the Commission did not commit error in considering the letter as a sufficient claim under G.S. 97-24.

[2] Defendant next assigns as error the failure of the full Commission to consider the prejudice which resulted to defendant due to plaintiff's failure to notify defendant of the alleged accident until almost 3 years had passed from the date of the occurrence. This assignment of error relates to the application of G.S. 97-22 which requires written notice and provides in part: "[B]ut no compensation shall be payable unless such written notice is given within 30 days after the occurrence of the accident or death, *unless reasonable excuse is made to the satisfaction of the Industrial Commission for not giving such notice and the Commission is satisfied that the employer has not been prejudiced thereby.*" (Emphasis added). The Commission noted in its order that failure to comply with the notice requirement of G.S. 97-22 operates only to deprive plaintiff of benefits which may have accrued from the date of the accident to the date such notice was actually given, "if the employer has not been prejudiced by failure to give notice within thirty days." *See Eller v. Leather Co.*, 222 N.C. 604, 24 S.E. 2d 244.

The Commission did not decide whether a reasonable excuse for not giving such notice existed, or whether the defendant-employer had been prejudiced by the absence of such notice. Instead, the Commission specifically found that no evidence had been presented regarding these issues that would support such a determination. It concluded that a determination of the application of G.S. 97-22 could not be made until a hearing was held at which such evidence was presented.

Neither the Deputy Commissioner nor the Commission reached a determination of the presence or absence of a reasonable excuse for plaintiff's failure to give notice, or the presence or absence of any prejudice resulting to defendant as a result of plaintiff's failure to give the 30 day notice required by G.S. 97-22. It was not error for the Commission to defer a decision on this issue in the absence of evidence upon which it could base its determination. This assignment of error is overruled.

The Commission's order holding that the letter of 30 April 1970 was a sufficient filing of claim under G.S. 97-24 is

Affirmed.

Judges HEDRICK and VAUGHN concur.