ABELS v. RENFRO CORP.

[100 N.C. App. 186 (1990)]

VIRGINIA ABELS v. RENFRO CORPORATION, AETNA CASUALTY & SURETY AND OR PMA GROUP

No. 8910IC1124

(Filed 21 August 1990)

1. **Master and Servant § 91 (NCI3d)— workers' compensation— claim filed more than two years from accident—denied**

    The Industrial Commission did not err by denying plaintiff's claim arising from a back injury where plaintiff continued to work following the accident, was switched to light duty by defendant and lost no time from work, continued to have trouble and was treated by several doctors, all of the bills were paid by defendant, no agreement concerning compensation or liability was ever entered into, and the claim was denied upon the ground that it was not filed within two years of the accident. Filing a workers' compensation claim within two years after the accident upon which it is based is a condition precedent to the Industrial Commission acquiring jurisdiction and paying an employee's medical bills is not enough to establish estoppel.

    **Am Jur 2d, Workmen's Compensation §§ 482, 484.**

2. **Master and Servant § 96.1 (NCI3d)— workers' compensation— finding that plaintiff's evidence not credible—within Commission's province**

    The findings of the Industrial Commission in a workers' compensation claim were not disturbed by the Court of Appeals where the claim was denied upon findings that plaintiff's evidence was not credible. The Industrial Commission is a trier of fact in workers' compensation cases and as such determines the weight and credibility of the evidence. N.C.G.S. § 97-86.

    **Am Jur 2d, Workmen's Compensation §§ 550, 561.**

APPEAL by plaintiff from Opinion and Award filed 13 June 1989 by the North Carolina Industrial Commission. Heard in the Court of Appeals 1 May 1990.

*Franklin Smith for plaintiff appellant.*

*Johnson, Bell & Francisco, by George Francisco, for defendant appellee Renfro Corporation.*

ABELS v. RENFRO CORP.

[100 N.C. App. 186 (1990)]

PHILLIPS, Judge.

Plaintiff's appeal is from the denial of two different claims for workers' compensation. Both decisions are correct and we affirm them.

[1] The first claim, not filed with the Industrial Commission until 7 October 1987, was based upon an accident that occurred in defendant corporation's textile mill in Mount Airy on 15 June 1984. The accident, not disputed by defendants, was that plaintiff slipped on a cardboard box, fell to the floor, and hurt her back. Other facts not disputed are that: After reporting the injury to her supervisor plaintiff continued to work, and did not seek medical attention until two or three days later when an orthopedic surgeon diagnosed her as having a lumbosacral strain and started a course of conservative treatment. During the treatment period plaintiff was switched to light duty by defendant and lost no time from work. During the two years or so that followed she continued to have trouble with her back and was treated by several other doctors, all of whose bills were paid by defendants. But no agreement concerning compensation or liability was ever entered into and when the claim was eventually filed with the Industrial Commission defendants denied it upon the ground that it was not filed "within two years after the accident," as G.S. 97-24(a) requires. When the claim was heard the Commission found facts somewhat as stated above, and that defendants did not induce or mislead plaintiff into not filing the claim within the time required, and held that the claim was barred as a matter of law.

Under the facts established the Commission could not have properly done otherwise. For filing a workers' compensation claim within two years after the accident upon which it is based is a condition precedent to the Industrial Commission acquiring jurisdiction over it, *Montgomery v. Horneytown Fire Department*, 265 N.C. 553, 144 S.E.2d 586 (1965), and this claim was not filed within that time. Plaintiff's argument that paying her medical bills estop defendants from denying the claim cannot be accepted, because voluntarily paying an employee's medical bills is not enough to establish an estoppel, *Barham v. Kayser-Roth Hosiery Co., Inc.,* 15 N.C. App. 519, 190 S.E.2d 306 (1972), and that is the only evidence of estoppel that plaintiff can point to or the record contains. For the proof required to establish an estoppel in cases like this *see Belfield v. Weyerhaeuser Co.*, 77 N.C. App. 332, 335 S.E.2d 44 (1985).

[2] Plaintiff's other claim, filed on 21 November 1987, alleges that her cervical spine was injured on 26 June 1987 when another employee inadvertently struck her with a box of socks. This claim was denied upon findings that plaintiff's evidence with respect to it is not credible. Since the Industrial Commission is the trier of the facts in workers' compensation cases, G.S. 97-86, and as such determines the weight and credibility of the evidence, *Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 265 S.E.2d 389 (1980), the findings were within the Commission's province and cannot be disturbed by us. *Barham v. Food World, Inc.*, 300 N.C. 329, 266 S.E.2d 676, *reh'g denied*, 300 N.C. 562, 270 S.E.2d 105 (1980).

Affirmed.

Judges ARNOLD and COZORT concur.