PERRY TILLY, EMPLOYEE, Plaintiff-Appellee v. HIGH POINT SPRINKLER, EMPLOYER, and AETNA INSURANCE COMPANY, CARRIER, Defendants-Appellants

No. COA00-387

(Filed 17 April 2001)

**Workers' Compensation— jurisdiction—untimely filing of claim—no actual notice**

The Industrial Commission lacked jurisdiction to hear a workers' compensation claim arising from an accident on 19 October 1992 where plaintiff was first injured on 8 April 1991; a second work-related accident occurred on 19 October 1992; plaintiff filed a claim on 28 October 1992 for neurological difficulties arising from the first accident which did not mention the second

accident; and plaintiff filed a claim for that 19 October 1992 accident on 1 July 1996. Although plaintiff contends that his answers to interrogatories, his medical records, and his testimony were sufficient notice to the Commission that he intended to claim benefits from the 19 October accident, those actions only informed the Commission of the accident and that plaintiff was treated, released, and returned to work the same or the next day. Plaintiff's request for a hearing was limited to the 8 April injury and the claim filed on 1 July 1996 was beyond the two-year limit set forth in N.C.G.S. § 97-24(a).

Appeal by defendants from opinions and awards entered 8 April 1997, 10 June 1997 and 20 October 1999 by the North Carolina Industrial Commission. Heard in the Court of Appeals 21 February 2001.

*Elliot Pishko Gelbin & Morgan, P.A., by J. Griffin Morgan, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Edward L. Eatman, Jr., Allen C. Smith and C.J. Childers, for defendants-appellants.*

WALKER, Judge.

Defendants appeal from an opinion and award of the Industrial Commission (Commission) ordering them to pay plaintiff compensation for temporary total disability, medical expenses and a reasonable attorney's fee.

While working for defendant as a pipefitter, plaintiff was injured on 8 April 1991 when a pipe fell from the scaffolding above and struck his head. Defendant filed an "Employer's Report of Injury to Employee" to inform the Commission he suffered a work-related accident (Form 19). The Commission approved a Form 21, "Agreement for Compensation for Disability" on 20 March 1992. The plaintiff was out of work on disability from the injury from 29 May 1991 until 8 July 1991. The plaintiff was released to return to work on 26 June 1991; however, he elected to use vacation time to extend his absence until 8 July 1991.

A second work-related accident occurred on 19 October 1992, when plaintiff fell from a ladder and sustained injuries to his head and wrists. Plaintiff was treated but released and returned to work the

same or next day. Plaintiff continued to work until November, 1992 and has not returned to work since. On 28 October 1992, plaintiff filed a "Notice of Accident to Employer (G.S. 97-22) and Claim of Employee or His Personal Representative or Dependents (G.S. 97-24)" (Form 18) with the Commission seeking benefits on the ground that he suffered "neurological difficulties" from the 8 April 1991 injury. On the claim form, plaintiff indicated his disability from this injury caused him to be out of work from 29 May 1991 until 8 July 1991. This claim form did not mention plaintiff's intervening work-related accident which had occurred nine days earlier on 19 October 1992. On 10 March 1993, plaintiff filed a Form 33, "Request that Claim Be Assigned for Hearing" which referred only to his injury on 8 April 1991. On 26 March 1993, defendants filed a Form 33R, "Response to Request that Claim be Assigned for Hearing" which was later amended to assert plaintiff's "claims for further treatment or disability are not due to the injury by accident of April 8, 1991 but rather due to preexisting conditions."

Deputy Commissioner William L. Haigh (Commissioner Haigh) thereafter held hearings on 1 and 2 December 1993 regarding the claim for the 8 April 1991 injury. On 13 March 1996, Commissioner Haigh filed an opinion and award which denied plaintiff's claim for benefits beyond the period of time he was disabled from the 8 April 1991 injury. In the opinion and award, Commissioner Haigh found the following:

> 23. . . . Whatever claim, if any, that plaintiff has filed with the [Commission] concerning the October 19, 1992 accident is *not before the undersigned in the instant case which only involves a claim for incapacity to earn wages due to the April 8, 1991 injury* by accident. With the exception of the period from May 29, 1991 to June 27, 1991, the credible lay and medical evidence fails to establish that, as a result of the injury by accident of April 8, 1991, plaintiff was unable to earn any wages or diminished wages in the same or other employment.

(emphasis added). Commissioner Haigh also concluded that before the second injury occurring on 19 October 1992, plaintiff "sustained no diminution in earning capacity by reason of the [first] accident of April 8, 1991." In addition, Commissioner Haigh stated, "[f]ollowing the accident on October 19, 1992 . . . *but for which no claim is pending in the instant case*, [plaintiff] sustained some period of diminished wage earning capacity, the nature and extent of

which are undeterminable from the credible evidence of record." (emphasis added).

On 25 March 1996, plaintiff gave notice of appeal to the Commission from the opinion and award entered by Commissioner Haigh. Thereafter, on 1 July 1996, plaintiff filed a Form 18 pertaining to his work-related injury which occurred on 19 October 1992, when he indicated that his disability began. On 2 July 1996, plaintiff filed a motion requesting that the Commission find that Form 18 was timely filed, or, in the alternative, that "defendants are estopped from raising the time limitations of N.C. Gen. Stat. § 97-24 to bar plaintiff's claim[.]"

On 20 October 1999, the Commission issued an opinion and award reversing the opinion and award of Commissioner Haigh based upon the following findings:

12. Defendants *were on actual notice* of this accident, defendant-employer having filed a Form 19 in connection therewith, and defendants having received written notice of it in plaintiff's answer to interrogatories. Defendants *were not prejudiced* in any way in their investigation of the incident on 19 October 1992.

. . .

21. Plaintiff's inability to return to work was *caused by his 8 April 1991 injury by accident, and was exacerbated by the October 1992 injury* by accident.

22. As the result of the 8 April 1991 injury by accident and the 19 October 1992 injury by accident, plaintiff has been incapable of earning wages in his former position with defendant-employer or in any other employment from November 1992 through the present.

(emphasis added). Plaintiff was therefore awarded temporary total benefits in addition to past and future medical expenses and reasonable attorney's fees.

In their first assignment of error, defendants contend the Commission erred by hearing plaintiff's claim arising from his 19 October 1992 accident since it had no jurisdiction. Defendants thereby assert plaintiff did not file a claim for the 19 October 1992 accident until 1 July 1996, which was after the two-year filing period mandated by statute had elapsed.

At the outset, we note that when a party challenges the Commission's jurisdiction to hear a claim, the findings relating to jurisdiction are not conclusive and the reviewing court may consider all of the evidence in the record and make its own determination on jurisdiction. *Craver v. Dixie Furniture Co.*, 115 N.C. App. 570, 447 S.E.2d 789 (1994); *Lucas v. Stores*, 289 N.C. 212, 221 S.E.2d 257 (1976). Otherwise, the standard of appellate review is limited to a determination of (1) whether the Commission's findings are supported by any competent evidence of record, and (2) whether the findings justify the Commission's legal conclusions. *Sidney v. Raleigh Paving & Patching*, 109 N.C. App. 254, 426 S.E.2d 424 (1993).

Jurisdiction over workers' compensation claims is controlled by N.C. Gen. Stat. § 97-24(a), which provides in part that the right to workers' compensation shall be "forever barred" unless a claim is filed with the Industrial Commission "within two years after the accident." N.C. Gen. Stat. § 97-24(a) (1999). "The requirement of filing a claim within two years of the accident is not a statute of limitation, but a condition precedent to the right to compensation." *Perdue v. Daniel International*, 59 N.C. App. 517, 518, 296 S.E.2d 845, 846 (1982), *cert. denied*, 307 N.C. 577, 299 S.E.2d 647 (1983), *citing Barham v. Hosiery Co.*, 15 N.C. App. 519, 190 S.E.2d 306 (1972). *See also Letterlough v. Atkins*, 258 N.C. 166, 128 S.E.2d 215 (1962) (holding the jurisdiction of the Commission is limited by statute).

In the instant case, plaintiff was familiar with the procedure of having to file a claim to receive benefits by virtue of his having filed a Form 18 claim on 28 October 1992 for the 8 April 1991 work-related injury. This claim did not mention the 19 October 1992 injury even though this second injury had occurred nine days prior to the date the claim was filed.

This Court has held that the employment report of an injury on Form 19 is insufficient to invoke jurisdiction where the claim has not been reported by the filing of a Form 18 within two years after the accident. *Perdue*, 59 N.C. App. at 518, 296 S.E.2d at 846. In *Perdue*, this Court relied on *our Supreme Court's decision in Montgomery v. Fire Department*, 265 N.C. 553, 144 S.E.2d 586 (1965), about which this Court stated:

[T]he decedent died on 16 August 1962, immediately after his fire truck was in a collision. Six days later, the fire department filed

Form 19 with the Industrial Commission. The Commission twice wrote to plaintiff's attorneys asking that they file a form requesting a hearing. This was not done. The Supreme Court held that since a claim was not filed, the proceedings were properly dismissed.

*Perdue*, 59 N.C. App. at 518, 296 S.E.2d at 846.

In *Reinhardt v. Women's Pavilion*, 102 N.C. App. 83, 401 S.E.2d 138 (1991), this Court held that a letter from a workers' compensation insurer to the Commission, which merely inquired as to claimant's physical progress and medical charges but made no demand for compensation or request a hearing, did not satisfy the statutory requirement that a "claim" be filed within two years of the accident pursuant to N.C. Gen. Stat. § 97-24(a). *See also Gantt v. Edmos. Corporation*, 56 N.C. App. 408, 289 S.E.2d 75 (1982).

In *Abels v. Renfro Corp.*, 100 N.C. App. 186, 394 S.E.2d 658 (1990), the defendants paid plaintiff's medical bills incurred as a result of a work-related injury. *Id.* at 187, 394 S.E.2d at 658. However, plaintiff did not file a claim for benefits within two years of the accident. *Id.* This Court affirmed the Commission's denial of a claim and held the defendants were not estopped from contesting the claim. *Id.* at 187, 394 S.E.2d at 658-59. Moreover, our Supreme Court has held that the lack of the Commission's jurisdiction over a workers' compensation claim "cannot be obtained by consent of the parties, waiver, or estoppel." *Hart v. Motors*, 244 N.C. 84, 88, 92 S.E.2d 673, 676 (1956) (citation omitted). *See also Clodfelter v. Furniture* Co., 38 N.C. App. 45, 247 S.E.2d 263 (1978); *Barham*, 15 N.C. App. 519, 190 S.E.2d 306.

In support of his contention that the claim for the 19 October 1992 injury was timely filed, plaintiff cites *Cross v. Fieldcrest Mills*, 19 N.C. App. 29, 198 S.E.2d 110 (1973). In *Cross*, this Court upheld the Commission's determination that a letter written within two years of the accident constituted a sufficient claim for an injury. *Id.* at 31, 198 S.E.2d at 112. The letter referred to plaintiff's two injuries resulting from accidents and requested that a hearing be held to address both injuries, since "[t]here may be some question about aggravation of the pre-existing injury . . . ." *Id.* at 30-31, 198 S.E.2d at 112. In addition, the letter asked the Commission to check its records to see if it had any record of the first injury. *Id.* at 31, 198 S.E.2d at 112. The Commission held that the letter constituted a sufficient claim and therefore com-

plied with N.C. Gen. Stat. § 97-24 to vest jurisdiction over the first injury. *Id.* This Court agreed and stated "[a]lthough the letter constitutes a rather minimal compliance with the statute with respect to filing a claim with the Commission, it nevertheless specifically requests a hearing upon the alleged [first] injury." *Id.*

Plaintiff contends his actions adequately informed the Commission of his 19 October 1992 injury and "went far beyond" the plaintiff's actions in *Cross*. He asserts that his answers to interrogatories, his medical records filed with the Commission and his testimony before Commissioner Haigh are sufficient notice to the Commission that he intended to claim benefits arising out of the accident on 19 October 1992. We disagree. The record reveals these actions by plaintiff only informed the Commission that he was involved in an accident on 19 October 1992 for which he was treated, released and returned to work the same or next day. Plaintiff's request for a hearing was limited to the 8 April 1991 injury.

We conclude that plaintiff failed to file a separate claim for the benefits from the 19 October 1992 accident and that the claim filed on 1 July 1996 was beyond the two-year statutory requirement. Therefore, the Commission lacked jurisdiction to hear a claim based on any injury arising out of the 19 October 1992 accident.

The Commission concluded that "plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer on April 8, 1991." Therefore, we remand the matter to the Commission to determine whether plaintiff is entitled to further benefits for the injury occurring on 8 April 1991.

Reversed and remanded.

Judges BIGGS and SMITH concur.