JODY CRANE, EMPLOYEE, PLAINTIFF v. BERRY'S CLEAN-UP AND LANDSCAPING, INC., EMPLOYER, NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. COA03-1109

(Filed 5 April 2005)

**1. Workers' Compensation— credibility—inconsistent testimony**

Although defendants contend the Industrial Commission erred in a workers' compensation case by finding that a specific traumatic incident occurred on 11 February 1999 based on plaintiff employee's inconsistent reports of when his injury occurred, this assignment of error is dismissed because: (1) this argument goes only to the credibility of the testimony; and (2) the Commission is the sole determiner of credibility.

**2. Workers' Compensation— misapprehension of law—date of specific traumatic incident**

Although the Industrial Commission erred in a workers' compensation case by concluding that plaintiff employee was disabled as a result of the 11 February 1999 specific traumatic inci-

dent instead of the 5 February 1999 incident, the case is remanded based on the Commission's misapprehension of the law to allow the Commission to make a new determination applying the correct legal standard because: (1) a claim is sufficient under N.C.G.S. § 97-24 if it identifies the accident and injury at issue and expresses an intent to invoke the Commission's jurisdiction with respect to that injury; (2) the Form 18 filed in this case specifically describes the accident at issue as occurring when plaintiff was changing a tractor tire, which occurred on 5 February 1999, and to hold that this form is insufficient to constitute a claim for the injury arising out of that incident simply based on the date of the incident listed on the form as 11 February 1999 would be inconsistent with the law governing specific traumatic incidents; (3) disputes as to the date of the actual injury raise a question of credibility that is solely within the purview of the Industrial Commission; and (4) contrary to defendants' contention, the doctors did not attribute plaintiff's inability to work solely to his depression.

Appeal by defendants from an Opinion and Award entered 6 May 2003 by the North Carolina Industrial Commission. Heard in the Court of Appeals 28 April 2004.

*Mitchell, Brewer, Richardson, Adams, Burge & Boughman, by Vickie L. Burge, for plaintiff-appellee.*

*Lewis & Roberts, P.L.L.C., by Richard M. Lewis and Christopher M. West, for defendants-appellants.*

GEER, Judge.

Defendants Berry's Clean-Up and Landscaping, Inc. and its insurance carrier, North Carolina Farm Bureau Mutual Insurance Company, appeal from an opinion and award of the North Carolina Industrial Commission awarding plaintiff Jody Crane temporary total disability benefits as a result of a back injury. Because our review of the record reveals that the Commission may have rendered its decision under a misapprehension of the law, we reverse and remand this case for further proceedings.

## Facts

On Friday, 5 February 1999, Mr. Crane, a landscaper, was changing a rear tractor tire on his employer's backhoe with the help of two

CRANE v. BERRY'S CLEAN-UP & LANDSCAPING, INC.

[169 N.C. App. 323 (2005)]

co-workers. While Mr. Crane was pulling up on one side of a large star wrench and his co-workers were pushing down, a lug nut broke loose, jerking Mr. Crane. Mr. Crane first felt stiffness in his back and then increasing pain in his lower back and right hip. Mr. Crane had not previously experienced any back problems.

Mr. Crane did not immediately seek medical treatment, but rather returned to work the next week. On Thursday, 11 February 1999, Mr. Crane was climbing out of his employer's dump truck when he felt a "pop" in his back. Mr. Crane reported this incident to his employer and, according to Mr. Crane, "told him it started about a week ago when I did the tractor tire . . . ." Mr. Crane testified that he understood from his employer that, as a matter of policy, he could receive treatment only if he said the injury occurred on 11 February 1999 rather than 5 February 1999. Mr. Crane's employer allowed him to go home and agreed to make arrangements for him to see the company doctor on Monday.

Mr. Crane did not return to work the next day even though he was scheduled to work. On Saturday, 13 February 1999, he went to the emergency room complaining of pain in his lower back that extended into his right hip and down his right leg. Records from his examination stated that the injury had happened about a week earlier, but had gotten worse. Also on 13 February 1999, the employer completed a Form 19 "Employer's Report of Injury to Employee." The form stated that the injury occurred on 12 February 1999 when plaintiff was working with a tractor and "pulled wrong or either twisted wrong causing injury to the lower back."

On Monday, 15 February 1999, Mr. Crane was examined by the company doctors, U.S. Healthworks. The U.S. Healthworks records report that Mr. Crane hurt his back on 11 February 1999 while changing a tire and breaking lug nuts loose. U.S. Healthworks removed Mr. Crane from work and referred him for physical therapy and an MRI. When Mr. Crane was evaluated at Pinehurst Rehabilitation Center for Therapy, he reported that his injury was due to trouble when loosening a nut on a large tire he was changing and that the following week he had increased discomfort until he later felt a sharp pinch in his right side when climbing out of a truck.

U.S. Healthworks subsequently released Mr. Crane to return to "light duty" work beginning 3 March 1999 with no lifting of more than ten pounds; no prolonged standing or walking; no repetitive bending or stooping; and no kneeling, squatting, climbing, pushing, or pulling.

Mr. Crane, however, testified that he was unable to return to work due to his severe pain.

On 11 March 1999, Mr. Crane filed a Form 18 with the Industrial Commission. He reported that he had suffered a back injury on 11 February 1999 while "changing a tractor tire on a company tractor." Defendants denied Mr. Crane's claim on 1 April 1999 and, because of that denial, U.S. Healthworks released him from their care.

Following an MRI on 5 June 1999, Mr. Crane was referred to Dr. Martin Chipman, a neurologist. On 15 June 1999, Mr. Crane provided a history to Dr. Chipman, stating that he sustained an injury while changing a tire on 5 February 1999 followed by a "pop" in his back on 11 February 1999 when he exited a truck. When Mr. Crane's condition did not improve with conservative treatment, Dr. Chipman referred him to Dr. Kevin Vaught, a neurosurgeon. Dr. Vaught diagnosed a severe lumbar strain and severe spinal stenosis at L4 with clear neurogenic claudication symptoms. He recommended surgery that was performed on 15 October 1999.

Following the surgery, Dr. Vaught referred Mr. Crane to a pain management clinic where Mr. Crane saw Dr. Kenneth Oswalt. Dr. Oswalt's report of Mr. Crane's medical examination on 18 April 2000 indicated that the date of the onset of Mr. Crane's condition was 5 February 1999. Dr. Oswalt found that Mr. Crane suffered from chronic pain secondary to post-laminectomy syndrome of the lumbar spine, piriformis muscle syndrome of the right lower extremity, and bilateral L4-L5 facet joint syndrome. Dr. Oswalt also diagnosed Mr. Crane as suffering from depression. Dr. Oswalt explained that he had not determined the cause of the depression, but he noted that Mr. Crane had no history of any problems with depression prior to the injury.

In an opinion and award filed 28 February 2002, the deputy commissioner awarded plaintiff temporary total disability benefits beginning 12 February 1999 after concluding that Mr. Crane had sustained injuries by accident on 5 February 1999 and 11 February 1999. Defendants appealed to the Full Commission. On 6 May 2003, the Full Commission issued an opinion and award affirming and modifying the deputy commissioner's order. The Full Commission found that Mr. Crane had injured himself while changing a tractor tire on 5 February 1999 and had felt a "pop" while exiting his employer's truck on 11 February 1999. Although the Commission further found that Mr. Crane reported both incidents to his employer, it stated that he "did not file a claim with respect to [the 5 February 1999] incident." The

Commission concluded nonetheless that Mr. Crane's disability arose out of the 11 February 1999 incident and that he was accordingly entitled to temporary total disability benefits beginning 12 February 1999. Defendants timely appealed.

## Standard of Review

On appeal from a decision of the Industrial Commission, this Court must determine " 'whether the record contains any evidence tending to support the [Commission's] finding.' " *Deese v. Champion Int'l Corp.*, 352 N.C. 109, 115, 530 S.E.2d 549, 552 (2000) (quoting *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 434, 144 S.E.2d 272, 274 (1965)). If those findings of fact are supported by competent evidence, they are conclusive on appeal even though there may be substantial evidence that would support findings to the contrary. *Id.*, 530 S.E.2d at 552-53. This Court then determines whether the findings of fact support the Commission's conclusions of law, which we review *de novo*. *Boney v. Winn Dixie, Inc.*, 163 N.C. App. 330, 331, 593 S.E.2d 93, 95 (2004).

## Discussion

Under the Workers' Compensation Act, an employee who has sustained disability as a result of a back injury is entitled to compensation when the back injury was "the direct result of a specific traumatic incident of the work assigned." N.C. Gen. Stat. § 97-2(6) (2003). In their brief on appeal, defendants have not contested the Full Commission's finding of fact that Mr. Crane was injured when trying to change a tractor tire on a backhoe on 5 February 1999.

[1] With respect, however, to 11 February 1999, defendants argue first that the evidence does not support the Commission's finding that a specific traumatic incident occurred on that date. Defendants point to Mr. Crane's inconsistent reports of when his injury occurred. Since this argument goes only to the credibility of the testimony and the Commission is the sole determiner of credibility, we may not revisit this question. *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998).

[2] Defendants next argue that the evidence does not support the Commission's finding that the 11 February 1999 incident caused Mr. Crane's disability. The parties do not dispute that expert testimony was required to establish causation in this case. *See Click v. Pilot Freight Carriers, Inc.*, 300 N.C. 164, 167, 265 S.E.2d 389, 391 (1980) (holding that when the exact nature and probable genesis of a

particular type of injury involves complicated medical questions removed from the ordinary experience and knowledge of laymen, only an expert can give competent evidence as to the cause of the injury).

Our review of the medical evidence reveals no support for the Commission's finding that Mr. Crane's disability was caused by the 11 February 1999 specific traumatic incident, separate and apart from the 5 February 1999 incident. All of the evidence attributes Mr. Crane's back condition and pain to the 5 February 1999 incident when Mr. Crane was attempting to change the tractor tire; none of the evidence relates that condition and pain to the 11 February 1999 "pop" as a separate event. Because there was no expert evidence of causation, we must reverse the Commission's decision that Mr. Crane was disabled as a result of the 11 February 1999 specific traumatic incident.

Our Supreme Court has, however, mandated that if an appellate court determines that the Commission made its findings of fact under a misapprehension of the law, we must remand the case to allow the Commission to make a new determination applying the correct legal standard. *Holley v. ACTS, Inc.*, 357 N.C. 228, 231, 581 S.E.2d 750, 752 (2003) (" 'When the Commission acts under a misapprehension of the law, the award must be set aside and the case remanded for a new determination using the correct legal standard.' " (quoting *Ballenger v. ITT Grinnell Indus. Piping, Inc.*, 320 N.C. 155, 158, 357 S.E.2d 683, 685 (1987))). It appears that the Commission, in finding that Mr. Crane's disability was caused by the 11 February 1999 incident, may have been acting under a mistaken understanding of the law governing when a claim has been filed.

In order for the Industrial Commission to have jurisdiction over a claim, the employee must timely file a claim under N.C. Gen. Stat. § 97-24 (2003). *Murray v. Associated Insurers, Inc.*, 114 N.C. App. 506, 519, 442 S.E.2d 370, 379 (1994) ("Failure to timely file a claim is a jurisdictional bar . . . ."), *rev'd on other grounds*, 341 N.C. 712, 462 S.E.2d 490 (1995). *See also Reinhardt v. Women's Pavilion, Inc.*, 102 N.C. App. 83, 84, 401 S.E.2d 138, 139 (1991) (the timely filing of a claim is a condition precedent to the right to compensation). Although more informal documents may be sufficient, "[c]laimants typically satisfy the requirement that a 'claim' be filed with the Commission with the Industrial Commission's Form 18, or Form 33, 'Request that Claim Be Assigned for Hearing.' " J. Randolph Ward,

*Primary Issues in Compensation Litigation,* 17 Campbell L. Rev. 443, 472 (1995).

Here, on 11 March 1999, Mr. Crane filed a Form 18 stating that he suffered a back injury that "was caused by changing a tractor tire on a company tractor," resulting in "lower back pain and sometimes . . . pain in [his] right leg"—an incident that the parties agree occurred on 5 February 1999. It appears that the Commission may have believed that because the form specified 11 February 1999 as the date of the injury, the Commission was required to conclude that no claim was filed as to the 5 February 1999 incident. A "claim," however, is sufficient under N.C. Gen. Stat. § 97-24 if it identifies the accident and injury at issue and expresses an intent to invoke the Commission's jurisdiction with respect to that injury.

Thus, in *Cross v. Fieldcrest Mills, Inc.,* 19 N.C. App. 29, 198 S.E.2d 110 (1973), this Court found sufficient a letter from the employee's lawyer to the Commission that referred to two injuries resulting from accidents and requested that one hearing be held as to both injuries since "[t]here may be some question about aggravation of the pre-existing injury . . . ." *Id.* at 31, 198 S.E.2d at 112. The letter did not mention the date of the first injury, and as to the second injury, it only stated "the second week of December 1968. . . . is as close as we can pinpoint it as to time at this late date." *Id.* at 30, 198 S.E.2d at 112. *Compare Tilly v. High Point Sprinkler,* 143 N.C. App. 142, 546 S.E.2d 404 (holding that the plaintiff, who suffered two distinct accidents, did not timely file a claim as to the second accident when his Form 18 only mentioned the first accident and subsequent filings with the Commission, although mentioning the second accident, did not specifically seek review of it by the Commission), *disc. review denied,* 353 N.C. 734, 552 S.E.2d 636 (2001).

Here, the Form 18 specifically describes the accident at issue as occurring when Mr. Crane was changing a tractor tire. To hold that this form is insufficient to constitute a claim for the injury arising out of that incident—simply because of the date of the incident listed on the form—would be inconsistent with the law governing specific traumatic incidents. "While the case law interpreting the specific traumatic incident provision of N.C. Gen. Stat. § 97-2(6) requires the plaintiff to prove an injury at a cognizable time, this does not compel the plaintiff to allege the specific hour or day of the injury." *Fish v. Steelcase, Inc.,* 116 N.C. App. 703, 708, 449 S.E.2d 233, 237 (1994) (reversing Commission's denial of benefits when it was based on a

finding that the date specified in the Form 18 could not be accepted as credible), *cert. denied*, 339 N.C. 737, 454 S.E.2d 650 (1995).

Because the Form 18 filed in this case identified the specific incident at issue and invoked the jurisdiction of the Commission, it was sufficient to constitute a claim for benefits arising out of the accident occurring when Mr. Crane was changing the tractor tire. Disputes as to the date of the actual injury raise a question of credibility that is solely within the purview of the Industrial Commission.

Even though the Commission's apparent misapprehension of the law ordinarily would lead to a remand, defendants have also argued that the evidence does not support any finding that Mr. Crane's disability was work-related regardless of the date of the accident. If that were correct, no remand would be necessary. Specifically, defendants argue that Mr. Crane's disability is due to his depression and that there is no expert testimony that his depression is the result of a work-related injury.

Contrary to defendants' contention, the doctors did not attribute Mr. Crane's inability to work solely to his depression. Dr. Vaught based his opinion that Mr. Crane could not work on Mr. Crane's "need for continued narcotics, his continued back pain and limitations of his range of motion in his back" and observed that "there's no question he had a mental impairment as a combination of frustration and long use of narcotics and chronic pain and depression." Dr. Oswalt in turn testified that he did not "think [Mr. Crane] mentally was able to work" and explained that "[h]e had his pain as the primary problem. I think that was compounded by his depression."

Thus, while we agree the doctors' testimony suggests (1) that they believed that Mr. Crane's depression played a role in his disability and (2) that they had not yet determined the cause of that depression, their testimony also indicates that other work-related factors—including pain, use of narcotics for that pain, and physical limitations—joined with the depression to render Mr. Crane unable to work. Even when a work-related injury combines with an entirely separate non-work-related disease or injury, compensation is appropriate upon a showing that the work-related injury significantly contributed to the employee's disability. *Weaver v. Swedish Imp. Maint., Inc.*, 319 N.C. 243, 252, 354 S.E.2d 477, 483 (1987) (holding that employee was entitled to total disability benefits when a compensable heart attack combined with three subsequent non-work-related heart attacks, resulting in a total incapacity to work). The Commis-

sion could, therefore, find that Mr. Crane's disability was caused by a work-related accident. We agree with defendants, however, that the record does not support any finding that this disability arose out of the 11 February 1999 exit from the truck as a separate incident from the 5 February 1999 tire-changing incident.

We must, therefore, reverse the Commission's opinion and award and remand for further findings. It appears based on the record before this Court that Mr. Crane did file a claim based on the tire-changing incident and that the Commission could, based on the record, conclude that Mr. Crane was disabled as a result of an injury arising out of that incident. Nonetheless, nothing in this opinion is intended to preclude defendants from raising any defenses that may be available with respect to the 5 February 1999 incident. We simply hold that the record as it appears before this Court does not support the conclusion that Mr. Crane failed to file a claim with respect to the 5 February 1999 incident.

Reversed and Remanded.

Judges BRYANT and ELMORE concur.