JILL M. ROBINSON, Plaintiff v. CLARA THOMPSON LEACH, Defendant

No. COA98-1105

(Filed 1 June 1999)

**Insurance— underinsured motorist policy—subrogation— South Carolina statute**

The trial court erred by granting summary judgment for defendant in an action which arose from an automobile accident in South Carolina between residents of Brunswick County, North Carolina where defendant's insurer tendered its policy limits to plaintiff, plaintiff's insurer paid that amount and later its remaining underinsured motorist coverage to plaintiff to protect its subrogation rights under the North Carolina statute, and defendant contended that South Carolina substantive tort law applies and that a South Carolina statute bars insurance companies from being subrogated to the rights of an insured. The South Carolina statute does not regulate the contractual relationship between a North Carolina insurer and its insured where benefits are paid

under a policy issued in North Carolina; moreover, North Carolina courts are not required to extend comity to the law of another state where that law is contrary to the public policy of this state, or where the law of another state would operate in opposition to our settled statutory policy or override express provisions of our statutes.

Appeal by North Carolina Farm Bureau Mutual Insurance Company, the unnamed plaintiff, from summary judgment entered by Judge D. Jack Hooks, Jr., on 19 June 1998 in Brunswick County Superior Court. Heard in the Court of Appeals 10 May 1999.

On 7 September 1995, Jill M. Robinson (plaintiff or Ms. Robinson) was operating a vehicle owned by Barbara A. Fantauzzo (Ms. Fantauzzo) in Little River, South Carolina. Ms. Robinson collided with a vehicle driven by defendant Clara Leach (defendant or Ms. Leach). Both Ms. Robinson and defendant were citizens and residents of Brunswick County, North Carolina, at the time of the accident. Ms. Leach had minimum single bodily injury liability insurance coverage in the amount of $25,000.00 through Integon Indemnity Corporation (Integon). The automobile driven by Ms. Robinson was insured through Farm Bureau Mutual Insurance Company (Farm Bureau) with single bodily injury underinsured limits of $100,000.00.

Integon tendered its $25,000.00 limits to Ms. Robinson and notified Farm Bureau of the tender. Within 30 days' notice, Farm Bureau advanced Integon's liability limit of $25,000.00 to Ms. Robinson. Later, Farm Bureau paid the remaining $75,000.00 in underinsured motorist coverage to Ms. Robinson. Farm Bureau and Ms. Robinson then filed this negligence claim in the Brunswick County Superior Court in the name of Ms. Robinson against Ms. Leach. Defendant's motion for summary judgment against Farm Bureau was granted by the trial court, and Farm Bureau appealed.

*Cox, Ennis & Newton, by Stephen C. Baynard, for unnamed plaintiff appellant, North Carolina Farm Bureau Mutual Insurance Company.*

*Johnson & Lambeth, by Maynard M. Brown, for defendant appellee.*

HORTON, Judge.

This automobile accident occurred in South Carolina and is pending in the Superior Court of Brunswick County, North Carolina.

Under well-settled conflict of laws principles, the tort law of South Carolina governs the substantive issues of liability and damages, while procedural rights are determined by the laws of North Carolina. *Boudreau v. Baughman*, 322 N.C. 331, 335, 368 S.E.2d 849, 854 (1988). The issue before us is whether a provision of the insurance law of South Carolina that underinsured motorist benefits are not subject to subrogation or assignment is a part of that state's substantive tort law. We hold that South Carolina law does not prevent a North Carolina insurance company from being subrogated to the extent of its underinsured motorist payments to its North Carolina resident-insured, and reverse the entry of summary judgment by the trial court.

There is no dispute that Farm Bureau, an insurance carrier qualified to do business in North Carolina, issued a policy of automobile insurance to plaintiff, a North Carolina resident. The policy complied with applicable North Carolina law and afforded underinsured motorist coverage in the amount of $100,000.00 to Ms. Robinson. It is also agreed that Ms. Robinson was involved in an automobile accident with Ms. Leach, also a North Carolina resident, near Little River, South Carolina, on the occasion in question here. Ms. Leach was insured by Integon Insurance Company, a company also qualified to do business in North Carolina. Her automobile policy provided $25,000.00 single bodily injury liability coverage. Following the accident, Farm Bureau was notified that Integon had tendered its $25,000.00 limits to Ms. Robinson. In order to protect its rights of subrogation under the provisions of N.C. Gen. Stat. § 20-279.21, Farm Bureau paid $25,000.00 to Ms. Robinson within the statutory period, and later paid its remaining $75,000.00 of underinsured motorist coverage to her. Ms. Robinson and Farm Bureau (as an unnamed plaintiff) then brought this action against Ms. Leach, with Ms. Robinson seeking to recover damages against Ms. Leach, and Farm Bureau seeking to protect its rights of subrogation to the extent of its payments to its insured, Ms. Robinson.

The parties agree that under North Carolina law, Farm Bureau is subrogated to the extent of its underinsured motorist payments in any recovery by Ms. Robinson. N.C. Gen. Stat. § 20-279.21 (Cum. Supp. 1997). Under S.C. Code Ann. § 38-77-160, the South Carolina statute here in question, a South Carolina automobile insurance carrier must offer underinsured motorist coverage to the limits of its insured's automobile liability coverage, but underinsured motorist benefits are "not subject to subrogation and assignment."

ROBINSON v. LEACH

[133 N.C. App. 436 (1999)]

Defendant contends that, since South Carolina substantive tort law applies in this case, Farm Bureau's subrogation action is barred. We disagree.

The statute in question is part of Title 38, Chapter 77, "Automobile Insurance," of the South Carolina Code. That chapter regulates the issuance of automobile insurance policies in South Carolina, sets out minimum limits for liability coverage (Code § 38-77-140), requires uninsured motorist coverage in at least the minimum liability limits (Code § 38-77-150), and provides that carriers must offer additional uninsured and underinsured motorist coverages at the option of the insured (Code § 38-77-160). At one time, South Carolina allowed their carriers providing underinsurance and uninsurance benefits the rights of subrogation and assignment. S.C. Code Ann. § 56-9-831 (Supp. 1986). A 1987 amendment to the statute, now codified as § 38-77-160, deleted that provision however. See Rattenni v. Grainger, 298 S.C. 276, 379 S.E.2d 890 n.2 (1989). The provision in question, therefore, clearly bars South Carolina automobile insurance companies from being subrogated to the rights of an insured by reason of the payment of underinsured motorist benefits. It seems equally clear, however, that the South Carolina statute does not purport to regulate the contractual relationship between a North Carolina insurer and its insured, where benefits are paid under a policy issued in North Carolina. Indeed, the definitions section of Chapter 77 of the South Carolina Code defines an "automobile insurer" as an "insurer licensed to do business in South Carolina and authorized to issue automobile insurance policies." S.C. Code Ann. § 38-77-30(2) (Supp. 1998). There is no evidence in the record that North Carolina Farm Bureau was licensed to do business in South Carolina, yet there is evidence in the record which suggests Farm Bureau's policy was issued in North Carolina, pursuant to North Carolina law and to a North Carolina resident.

In addition, we note that the provisions of S.C. Code Ann. § 38-77-160, insofar as it prevents an insurance carrier from being subrogated to its underinsured motorist payments to an insured, is in direct conflict with the settled statutory policy of this State as it is found in N.C. Gen. Stat. § 20-279.21. Our courts are not required to extend comity to the law of another state where that law is contrary to the public policy of this state, or where the law of another state would operate in opposition to our settled statutory policy, or override express provisions of our General Statutes. Ellison v. Hunsinger, 237 N.C. 619, 627, 75 S.E.2d 884, 891 (1953); Bank v.

*Ramsey*, 252 N.C. 339, 345, 113 S.E.2d 723, 728 (1960); *and Leonard v. Johns-Manville Sales Corp.*, 309 N.C. 91, 96 n.1, 305 S.E.2d 528, 532 n.1 (1983).

Assuming, without conceding, that defendant had standing to object to Farm Bureau's inclusion as an unnamed plaintiff, the trial court erred for the above reasons in granting summary judgment against Farm Bureau. '

Reversed.

Chief Judge EAGLES and Judge TIMMONS-GOODSON concur.