**CAROLINA BLDG. SERVS.' WINDOWS & DOORS, INC. v. BOARDWALK, LLC**

[362 N.C. 262 (2008)]

CAROLINA BUILDING SERVICES' WINDOWS & DOORS, INC. v. BOARDWALK, LLC; MILLER BUILDING CORPORATION; DEBORAH C. LEE; SHANNON W. MYERS; JOHN C. CZERWINSKI AND WIFE, JEANETTE M. CZERWINSKI; MANISH G. PATEL; ALLEN H. VAN DYKE AND WIFE, PERRY G. VAN DYKE; GEORGE CORNELSON AND WIFE, KIMBERLYE F. CORNELSON; AFSHIN GHAZI; AND CHARLES H. HUNTLEY

No. 444PA06

(Filed 11 April 2008)

**Liens— subcontractor's—not extinguished by default of general contractor**

A default judgment in favor of an owner against a general contractor cannot be used as the basis for extinguishing a subcontractor's lien under N.C.G.S. § 44A-23. In this case, the subcontractor (Carolina Building) presented an affidavit that raised a genuine issue of material fact concerning the property owner's liability to the contractor, and summary judgment should not have been granted for the property owner (Boardwalk) on Carolina Building's lien.

Justice TIMMONS-GOODSON dissenting.

Justice BRADY joins in this dissenting opinion.

On discretionary review pursuant to N.C.G.S. § 7A-31 of the unanimous, unpublished decision of the Court of Appeals, 178 N.C. App. 561, 631 S.E.2d 893 (2006), affirming orders entered on 28 March 2005 by Judge Larry Ford in Superior Court, Iredell County. Heard in the Supreme Court 13 September 2007.

*Erwin and Eleazer, P.A., by L. Holmes Eleazer, Jr., Fenton T. Erwin, Jr., and Lex M. Erwin, for plaintiff-appellant.*

*Johnston, Allison & Hord, P.A., by Martin L. White and Greg C. Ahlum, for defendant-appellee Boardwalk, LLC; and Horack, Talley, Pharr & Lowndes, by D. Christopher Osborn, for defendant-appellees individual unit owners.*

NEWBY, Justice.

This case presents the question of whether a default judgment in favor of an owner against a general contractor can form the basis for extinguishing a subcontractor's lien on property under N.C.G.S. § 44A-23. We hold a default judgment cannot be used for this purpose.

CAROLINA BLDG. SERVS.' WINDOWS & DOORS, INC. v. BOARDWALK, LLC

[362 N.C. 262 (2008)]

Before September 2001, Boardwalk, LLC ("Boardwalk") entered into a contract with Miller Building Corporation ("Miller") whereby Miller agreed to serve as the general contractor for Boardwalk's condominium project. In February 2002, well before completion of the project, Miller removed its personnel and equipment from the job site. Miller failed to fully pay its subcontractors, including Carolina Building Services' Windows and Doors, Inc. ("Carolina Building").

Carolina Building gave notice of a lien on funds to Boardwalk on 22 February 2002 and filed a subrogation lien on Boardwalk's property on 25 February 2002. On 24 April 2002, Carolina Building filed suit against Boardwalk and Miller asserting claims based on the liens, breach of contract against Miller, and quantum meruit. There is no dispute that Carolina Building furnished nearly $189,704.41 worth of materials to Miller, which were used on Boardwalk's property and for which Miller failed to pay. Miller never answered or appeared, and Carolina Building obtained an entry of default against Miller on 28 June 2002 and a default judgment on 10 December 2002.

Over two years later on 24 June 2004, Boardwalk filed a crossclaim against Miller alleging negligence and breach of contract. Again, Miller did not answer or appear. Boardwalk obtained an entry of default against Miller on 26 January 2005. Boardwalk then sought a default judgment in the amount of $185,420.38 against Miller. Carolina Building objected to the entry of that judgment. Boardwalk's motion for default judgment against Miller was consolidated with Boardwalk's and Carolina Building's cross-motions for summary judgment, and the matter was heard on 28 February and 1 March 2005.

Boardwalk presented affidavits asserting it incurred excess costs to complete the project thereby preventing Carolina Building from any monetary recovery against Boardwalk under the lien statutes. In opposition, Carolina Building presented an affidavit asserting Boardwalk completed the project for less than its contract price with Miller. The trial court concluded Carolina Building lacked standing to contest a default judgment in an action between Boardwalk and Miller and entered a default judgment against Miller on Boardwalk's crossclaim in the amount of $172,265.63, the difference asserted in Boardwalk's affidavits between the contract price and the cost to complete the project. Next, despite the competing affidavits presented by Boardwalk and Carolina Building, the trial court granted summary judgment for Boardwalk as to Carolina Building's claims, relying solely on the default judgment against Miller.

The Court of Appeals found the trial court did not err in holding Carolina Building lacked standing to object to Boardwalk's motion for default judgment against Miller. *Carolina Bldg. Servs.' Windows & Doors, Inc. v. Boardwalk, LLC*, 178 N.C. App. 561, 631 S.E.2d 893, 2006 WL 1984639, at *2-3 (July 18, 2006) (No. COA05-1030) (unpublished). As to Carolina Building's lien on funds, the Court of Appeals held summary judgment for Boardwalk was appropriate because both parties agreed that Boardwalk did not owe Miller any sum of money on 22 February 2002 (the date Boardwalk received notice of the lien on funds) and Boardwalk paid no funds to Miller after receiving Carolina Building's notice. *Id.*, at *6. Finally, the Court of Appeals held that the trial court did not err in granting summary judgment in favor of Boardwalk as to Carolina Building's lien on real property because the lien was subrogated to Miller's rights and that the default judgment in favor of Boardwalk against Miller meant that Miller had no right to a lien against Boardwalk's real property. *Id.*, at *7. On 25 January 2007, we allowed Carolina Building's petition for discretionary review as to the last issue addressed by the Court of Appeals: whether a default judgment for an owner against a general contractor who does not appear may be the basis for extinguishing a subcontractor's lien on the owner's real property. *Carolina Bldg. Servs.' Windows & Doors, Inc. v. Boardwalk, LLC*, 361 N.C. 218, 642 S.E.2d 245 (2007).

We decide this issue by examining the statutory scheme provided by the General Assembly in Chapter 44A. Recently, this Court dealt with a question concerning a lien on funds under N.C.G.S. §§ 44A-18 and 44A-20 and stated:

> The materialman's lien statute is remedial in that it seeks to protect the interests of those who supply labor and materials that improve the value of the owner's property. A remedial statute must be construed broadly "in the light of the evils sought to be eliminated, the remedies intended to be applied, and the objective to be attained."

*O & M Indus. v. Smith Eng'g Co.*, 360 N.C. 263, 268, 624 S.E.2d 345, 348 (2006) (citations omitted). Likewise, N.C.G.S. § 44A-23 is a remedial statute that must be construed broadly.

When certain notice and perfection requirements are met, a first tier subcontractor is subrogated to the claim of lien on real property of the contractor. N.C.G.S. § 44A-23(a) (1999). This is "a separate right of subrogation to the lien of the contractor who deals with the

owner, distinct from the rights contained in N.C.G.S. § 44A-18," *Elec. Supply Co. of Durham, Inc. v. Swain Elec. Co.*, 328 N.C. 651, 660, 403 S.E.2d 291, 297 (1991), meaning "the subcontractor may assert whatever lien that the contractor who dealt with the owner has against the owner's real property relating to the project," *id.* at 661, 403 S.E.2d at 297 (citing *Powell & Powell v. King Lumber Co.*, 168 N.C. 723, 729, 168 N.C. 632, 638, 84 S.E. 1032, 1035 (1915)).

In pertinent part, N.C.G.S. § 44A-23 states: "Upon the filing of the notice and claim of lien and the commencement of the action, no action of the contractor shall be effective to prejudice the rights of the subcontractor without his written consent." N.C.G.S. § 44A-23(a). The parties agree that Carolina Building properly filed a notice and claim of lien and properly commenced the action. It is also uncontested that Miller defaulted after Carolina Building commenced its action and that Carolina Building did not provide written consent allowing Miller's actions to prejudice its rights. However, the parties disagree whether Miller's default constituted an "action."

Carolina Building presented an affidavit that raised a genuine issue of material fact concerning Boardwalk's liability to Miller based on a lien against Boardwalk's real property. Rather than consider this affidavit, the trial court focused on the default judgment for Boardwalk against Miller. By its plain meaning, an action is "[a] thing done." *Black's Law Dictionary* 31 (8th ed. 2004). Thus, Miller's choice not to defend Boardwalk's claims constituted an "action" which prejudiced the rights of Carolina Building contrary to the statutory mandate of N.C.G.S. § 44A-23. Carolina Building should have an opportunity to present its evidence concerning the merits of recovery under its lien on real property.

The decision of the Court of Appeals is reversed as to the issue before this Court on discretionary review. The remaining issues addressed by the Court of Appeals are not before this Court, and its decision as to those issues remains undisturbed. This case is remanded to the Court of Appeals for further remand to the trial court for proceedings not inconsistent with this opinion.

REVERSED IN PART AND REMANDED.

Justice TIMMONS-GOODSON, dissenting.

Notwithstanding the default judgment in favor of Boardwalk, the majority declares that the trial court erred in relying upon the

**CAROLINA BLDG. SERVS.' WINDOWS & DOORS, INC. v. BOARDWALK, LLC**

[362 N.C. 262 (2008)]

default judgment against Miller in granting summary judgment to Boardwalk, and that Carolina Building may pursue its claim to recovery on its lien on real property owned by Boardwalk. In so holding, the majority *sub silentio* overrules the settled law of default judgments in North Carolina. The majority moreover contravenes the lien law hierarchy created by N.C.G.S. §§ 44A-7 to -23. I therefore respectfully dissent.

I must first note that the majority's decision strays beyond the boundaries set by this Court when it agreed to entertain the case. The majority acknowledges that in allowing discretionary review, we limited the scope of our review to the second issue only, which is "whether a default judgment for an owner against a general contractor who does not appear may be the basis for extinguishing a subcontractor's lien on the owner's real property." We did not grant discretionary review to the first issue, which was that Carolina Building "lacked standing to object to Boardwalk's motion for default judgment against Miller." Thus, under the law of this case, Carolina Building has no standing to argue the merits of any defense Miller may have had to Boardwalk's claim against it. Yet the majority's resolution of the case contradicts itself and expressly allows Carolina Building to argue the merits of Miller's right to a lien against Boardwalk's real property. The majority thereby improperly reverses the opinion of the Court of Appeals not only as to the second issue, but as to the first issue as well.

Under our lien statutes, there are only two methods by which a subcontractor may assert lien rights against the owner's real property: (1) a direct liability lien pursuant to N.C.G.S. §44A-20(d); and (2) a subrogation lien pursuant to N.C.G.S. §44A-23, as we have here. Under N.C.G.S. § 44A-23, a subcontractor seeking a claim of lien on real property must first give notice of claim of lien upon funds pursuant to N.C.G.S. §§ 44A18-19. *See* N.C.G.S. § 44A-23(a). The notice of claim of lien upon funds statute

> creates a risk shifting mechanism for subcontractors. Prior to notice to the obligor, the subcontractor bears the risk of loss or nonpayment by the general contractor. When notice is served, the risk shifts to the obligor to the extent that the obligor is holding funds. With this notice the burden of assuring payment of the subcontractor's lien shifts to the obligor who owns the project, is receiving construction funds, and receives the benefit of the subcontractor's labor and materials. The owner is, thus, put on notice of a general contractor's potential breach and is apprised

of the need to take precautions necessary to protect the project and to ensure that subcontractors remain on the job.

*O & M Indus. v. Smith Eng'r Co.*, 360 N.C. 263, 269, 624 S.E.2d 345, 349 (2006). Once notice of claim of lien upon funds is given, the subcontractor, "may, to the extent of this claim, enforce the claim of lien on real property of the contractor." N.C.G.S. § 44A-23(a). A subcontractor's claim of lien on real property is subrogated to the contractor's claim of lien on real property, and the lien is therefore necessarily limited to the amount of money the owner owes the contractor. N.C.G.S. § 44A-23(a); *Electric Supply Co. of Durham v. Swain Electrical Co.*, 328 N.C. 651, 661, 403 S.E.2d 291, 297 (1991). If the general contractor has no right to a lien, the first tier subcontractor likewise has no such right. *See* N.C.G.S. § 44A-23(a); *Watson Elec. Constr. Co. v. Summit Cos.*, 160 N.C. App. 647, 650-51, 587 S.E.2d 87, 91 (2003).

In the present case, it is undisputed that any claim by Carolina Building on Boardwalk's real property is subrogated to Miller's claim. Both parties also agree that after receiving Carolina Building's notice, Boardwalk paid no funds to Miller. Carolina Building's claim on Boardwalk's real property is therefore limited to the amount of money owed by Boardwalk to Miller. The entry of default and default judgment entered against Miller conclusively established that Boardwalk owed no money to Miller and Miller had no claim of lien upon Boardwalk's real property. " 'Once the default is established defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. If he wishes an opportunity to challenge plaintiff's right to recover, his only recourse is to show good cause for setting aside the default . . . and, failing that, to contest the amount of recovery.' " *Bell v. Martin*, 299 N.C. 715, 721, 264 S.E.2d 101, 105 (1980) (citation omitted) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (alteration in original) (footnote omitted)). The default judgment entered here has not been set aside. As it is judicially established that Miller has no right to claim of lien on Boardwalk's property, it follows that, as the subcontractor, Carolina Building can have no claim of lien on Boardwalk's property. As such, Boardwalk was entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in favor of Boardwalk.

The majority does not expressly address the interplay between N.C.G.S. § 44A-23 and the law of default judgments, but determines that Carolina Building is entitled to "an opportunity to present its evi-

dence concerning the merits of recovery under its lien on real property." The majority thereby necessarily concludes that the default judgment entered here has no effect and may be regarded as a nullity in the face of N.C.G.S. § 44A-23(a)'s provision that "no action of the contractor shall be effective to prejudice the rights of the subcontractor." The majority offers no authority in support of its holding beyond a mere definition of the word "action." This holding fundamentally contradicts the settled law of default judgments in this State and ignores the lien law hierarchy created by N.C.G.S. §§ 44A-7 to -23. Notably, the majority makes no attempt to limit its holding to situations involving contractors and subcontractors, which throws into question the continued validity of default judgments in this State. If a validly-entered default judgment may no longer be relied upon by a property owner against a lien claim by a subcontractor, it begs the question to what other statutorily-based, judicially-created exceptions Rule 55 might be vulnerable. Ironically, the basis of Carolina Building's established claim to monies owed it by Miller—a default judgment entered against Miller in the same action—is the very same type of judgment Carolina Building and the majority deem ineffectual in the present case.

The factual scenario of the instant case is an all too common one, which is why the General Assembly established the lien protections of Chapter 44A. In a case between two innocent parties, as we have here, the risk must fall on the party better placed to protect its interest. *Compare O & M Indus. v. Smith Eng'r Co.*, 360 N.C. at 269, 624 S.E.2d at 349 (noting that, with a claim of lien on funds, "[p]rior to notice to the obligor, the subcontractor bears the risk of loss or nonpayment by the general contractor."). Carolina Building could have earlier filed for a lien and thus better protected itself from potential loss. *See, e.g.*, N.C.G.S. § 44A-18(5) (providing that a lien on funds will secure amounts earned by the claimant, even before amounts are due or performance is complete). I fear that the majority's broad holding may have many unanticipated consequences for our State's jurisprudence.

Justice BRADY joins in this dissenting opinion.