LANCE COOK, Plaintiff v. LOWE'S HOME CENTERS, INC., DDP HOLDINGS, INC., and MI-DE, INC., Defendants

No. COA10-88

(Filed 18 January 2011)

**Workers' Compensation— foreign award—subrogation lien in North Carolina reduced—no abuse of discretion**

The trial court did not abuse its discretion by applying North Carolina law and reducing the amount of a subrogation lien against a Tennessee workers' compensation award. Remedial rights are determined by the law of the forum.

Appeal by intervenor from judgment entered 19 October 2009 by Judge Ralph Walker in Guilford County Superior Court. Heard in the Court of Appeals 1 September 2010.

---

**COOK v. LOWE'S HOME CENTERS, INC.**

[209 N.C. App. 364 (2011)]

*Golding, Holden & Pope, L.L.P., by Elizabeth A. Sprenger, for intervenor-appellant.*

*Charles G. Monnett, III & Associates, by Randall J. Phillips, for plaintiff-appellee.*

BRYANT, Judge.

Because the trial court acted within its discretion to reduce an insurance carrier's lien on plaintiff's recovery from a third-party tortfeasor pursuant to North Carolina law, we affirm the order of the court.

*Facts*

Plaintiff-appellee Lance Cook sustained an injury by accident on 19 December 2005, while working for Oryan Group, Inc., (the Oryan Group) on the premises of Lowe's Home Improvement in Greensboro, North Carolina. The Oryan Group is a Tennessee corporation. Due to the severity of his injuries, Cook was unable to return to work. Thereafter, with the approval of the Chancery Court of Tennessee, he entered into a lump-sum worker's compensation settlement with the Oryan Group.

On 19 November 2008, in Guilford County Superior Court, Cook filed a complaint against defendants (Lowe's Home Centers, Inc., and vendors DDP Holdings, Inc., and MI-DE, Inc.), alleging the injuries he sustained in the 19 December 2005 incident were the result of the negligence of Defendants. Cook claimed damages in excess of $10,000.00. On 5 January 2009, Hartford Insurance, the worker's compensation carrier for the Oryan Group, filed a notice of appearance as an intervenor. After Cook reached a joint settlement with defendants for $220,000.00, he dismissed with prejudice the action against Defendants.

On 5 October 2009, Cook filed a motion in Guilford County Superior Court to reduce or extinguish any workers' compensation lien of his employer, or its insurance carrier, on the proceeds of his settlement. Cook asserted that, pursuant to an agreement reached with the Oryan Group and Hartford Insurance under Tennessee law, he received workers' compensation medical benefits amounting to $34,553.19 and indemnity benefits of $106,520.25, for a total of $141,073.54. Cook requested that the trial court "exercise its discretionary power to extinguish any liens that are or may be held by [the Oryan Group] (or [Hartford Insurance]) because the lien against the third-party proceeds impedes [Cook]'s ability to be adequately

compensated for his injuries, and would work an extreme and undue hardship upon him in the future."

On 5 October 2009, Hartford Insurance filed a Memorandum of Law in Opposition to Plaintiff's Motion to Reduce or Extinguish Workers' Compensation Lien requesting that the court deny Cook's motion. In its memorandum, Hartford asserted the following:

> [T]he workers' compensation code in the State of Tennessee specifically provides that the employer (or its carrier) shall have a subrogation lien against a recovery by the worker against a negligent third party and the employer may intervene in any action to protect and enforce such lien.

On 19 October 2009, after hearing the arguments of counsel, the trial court concluded that North Carolina law applied to the issue of reducing or eliminating the workers' compensation lien and that, under the circumstances of this case, the lien should be reduced to $30,000.00. Hartford Insurance appeals.

On appeal, Hartford Insurance challenges the trial court's ruling that North Carolina law applied to the issue of reduction or elimination of the workers' compensation subrogation lien. Hartford argues that Tennessee law would not permit reduction of the subrogation lien and that Tennessee law should be applied here. We disagree.

Under Tennessee law, "[t]he legislative intent is to reimburse an employer for payments made under a Workmen's Compensation award from the net recovery obtained by the employer [sic] or those to whom his right of action survives, to the extent of employer's total obligation under the Compensation Act." *Beam v. Maryland Casualty Co.*, 477 S.W.2d 510, 513 (Tenn. 1972) (internal quotations and emphasis omitted) (discussing Tenn. Code Ann. § 50-6-112(c)[1]).

> As to substantive laws, or laws affecting the cause of action, the lex loci—or law of the jurisdiction in which the transaction occurred or circumstances arose on which the litigation is based—will govern; as to the law merely going to the remedy, or procedural in its nature, the lex fori—or law of the forum in which the remedy is sought—will control.

---

1. Tenn. Code Ann. § 50-6-112(c)(1) (2009) "In the event of a recovery against the third person by the worker . . . by judgment, settlement or otherwise, and the employer's maximum liability for workers' compensation under this chapter has been fully or partially paid and discharged, the employer shall have a subrogation lien against the recovery, and the employer may intervene in any action to protect and enforce the lien."

*Charnock v. Taylor*, 223 N.C. 360, 361, 26 S.E.2d 911, 913 (1943) (citing *Howard v. Howard*, 200 N.C., 574, 158 S.E., 101; *Farfour v. Fahad*, 214 N.C., 281, 199 S.E., 521). Where a lien is intended to protect the interests of those who supply the benefit of assurance that any work-related injury will be compensated, it is remedial in nature. *See generally Carolina Bldg. Servs.' Windows & Doors, Inc. v. Boardwalk, LLC*, 362 N.C. 262, 264, 658 S.E.2d 924, 926 (2008). A statute that provides a remedial benefit "must be construed broadly in the light of the evils sought to be eliminated, the remedies intended to be applied, and the objective to be attained." *Id.* (citation omitted).

Under North Carolina law "[a]n employer's statutory right to a lien on a recovery from the third-party tort-feasor is mandatory in nature . . . ." *Radzisz v. Harley Davidson of Metrolina, Inc.*, 346 N.C. 84, 89, 484 S.E.2d 566, 569 (1997) (citing *Manning v. Fletcher*, 102 N.C. App. 392, 400, 402 S.E.2d 648, 652 (1991), *aff'd per curiam*, 331 N.C. 114, 413 S.E.2d 798 (1992)). However, "[a]fter notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien . . . ." N.C. Gen. Stat. § 97-10.2(j) (2009).

> There is no mathematical formula or set list of factors for the trial court to consider in making its determination, *In re Biddix*, 138 N.C. App. 500, 502, 530 S.E.2d 70, 71, *disc. review denied*, 352 N.C. 674, 545 S.E.2d 418 (2000); the statute plainly affords the trial court discretion to determine the appropriate amount of defendant's lien. The exercise of discretion requires that the court "make a reasoned choice, a judicial value judgment, which is factually supported." *Allen v. Rupard*, 100 N.C. App. 490, 495, 397 S.E.2d 330, 333 (1990).

*Wood v. Weldon*, 160 N.C. App. 697, 700, 586 S.E.2d 801, 803 (2003), *disc. rev. denied*, 358 N.C. 550, 600 S.E.2d 469 (2004). Therefore, we review the trial court's judgment for abuse of discretion.

Here, Cook, an employee of the Oryan Group, a Tennessee corporation, sustained an injury in the course of performing the duties of his employment on the premises of Lowe's Home Improvement in Greensboro, North Carolina. Before a Chancery Court of Tennessee, Cook and the Oryan Group acknowledged Tennessee Workers' Compensation Law applied to them at the time of his injury. Cook and the Oryan Group petitioned the Chancery Court pursuant to Tennessee Workers' Compensation Statutes for, and thereafter received, a lump sum settlement wherein Cook recovered from his

employer and Hartford Insurance $97,397.00 for permanent-partial disability of 75% to the body as a whole and ongoing medical treatment of his injury by authorized, pre-approved panel physicians. Subsequently, Cook filed a negligence action against defendants in Superior Court in Guilford County, North Carolina. Hartford Insurance intervened to enforce a subrogation lien against any recovery. Cook and defendants settled the North Carolina negligence claim for $220,000.00. Cook filed a motion in the Superior Court to reduce or extinguish the lien pursuant to N.C. Gen. Stat. § 97-10.2(j), which Hartford Insurance opposed by asserting that Tennessee law applied. However, after a hearing, the trial court entered an order reducing the amount of the lien to $30,000.00 pursuant to N.C.G.S. § 97-10.2(j).

We note that Tennessee public policy, as codified in its workers' compensation statutes, does not preclude an employee who receives workers' compensation benefits from pursuing negligence claims against third-party tortfeasors, and allows employers to file a subrogation lien against any recovery. *See* Tenn. Code Ann. § 50-6-112(c)(1) (2009). Here, Hartford Insurance was not denied the right to file a lien in North Carolina. In its brief, Hartford Insurance acknowledges that Tennessee law has not been applied by North Carolina courts in the area of subrogation; nevertheless, Hartford Insurance argues that Tennessee law applies and does not allow the North Carolina trial court to reduce the lien. However, as stated earlier, remedial rights are determined by the law of the forum. In this case the forum is North Carolina. *See Charnock*, 223 N.C. at 361-62, 26 S.E.2d at 913.

The North Carolina subrogation statute at issue here gives the court discretion to consider many factors, including "any other factors the court deems just and reasonable, in determining the amount of the employer's lien". N.C.G.S. § 97-10.2(j). In his motion to reduce or extinguish the lien, Cook set forth the significant injuries he suffered, including impairment of his ability to earn wages. He also emphasized to the court that his worker's compensation award was "grossly insufficient and inadequate" to compensate him for his disability. After a hearing on the motion the trial court entered its ruling reducing Hartford's lien to $30,000. We hold the trial court acted within, and did not abuse, its discretion in applying North Carolina law and reducing the amount of Hartford Insurance's subrogation lien pursuant to N.C.G.S. § 97-10.2(j).

Affirmed.

Judges STEELMAN and BEASLEY concur.