ANGLIN v. DUNBAR ARMORED, INC.

[226 N.C. App. 203 (2013)]

BOBBY ANGLIN, Plaintiff

v.

DUNBAR ARMORED, INC. AND GALLAGER BASSETT SERVICES, INC., Defendants

No. COA12-1176

Filed 2 April 2013

**Liens—underinsured motorist coverage funds—North Carolina law applicable**

The trial court did not err by denying plaintiff's request to reduce or eliminate defendants' lien on funds plaintiff received from South Carolina underinsured motorist (UIM) coverage. The trial court correctly applied North Carolina law which gave the trial court authority to adjust the North Carolina lien on plaintiff's UIM funds.

Appeal by plaintiff from order entered 1 August 2012 by Judge Timothy Kincaid in Superior Court, Mecklenburg County. Heard in the Court of Appeals 14 February 2013.

*The Sumwalt Law Firm, by Vernon Sumwalt and Mark T. Sumwalt, for plaintiff-appellant.*

*McAngus, Goudelock & Courie, by Colin E. Scott, for defendants-appellees.*

STROUD, Judge.

Plaintiff appeals a trial court order which denied plaintiff's request to reduce or eliminate defendants' lien on funds plaintiff received from South Carolina underinsured motorist coverage, contending that because South Carolina law would not allow a lien on such funds neither should North Carolina. For the following reasons, we disagree and thus affirm.

## I. Background

Plaintiff filed a complaint on 18 January 2012 seeking "declaratory relief and to eliminate or reduce Defendants' subrogation interest so that Plaintiff can then proceed to the Industrial Commission for proper disbursement of Plaintiff's UIM settlement pursuant to N.C. Gen. Stat. § 97-10.2(f)." On 1 August 2012, after a hearing on "PLAINTIFF'S MOTIONS FOR: (1) JUDGMENT ON THE PLEADINGS PURSUANT

TO N.C.R. CIV. P. 12(c) AND (2) ELIMINATION OR REDUCTION OF WORKERS' COMPENSATION LIEN PURSUANT TO N.C. GEN. STAT. § 97-10.2(j)[,]" the trial court made the following uncontested findings of fact:

1. That the Plaintiff was injured while in the course and scope of employment with the Defendant Dunbar in an automobile accident which occurred in South Carolina on May 13, 2009;

2. That the Plaintiff and Defendant driver were both residents of South Carolina;

3. That the Defendant Dunbar did business out of North Carolina;

4. That as a result of the Plaintiff's injuries, the Plaintiff received Worker's [sic] Compensation benefits from the Defendants pursuant to the North Carolina Worker's [sic] Compensation Act;

5. That the Plaintiff was paid a total of $31,809.48 in Worker's [sic] Compensation benefits by the Defendants;

6. That the Plaintiff settled the liability claim with the at fault driver for $92,712.55;

7. That on January 31, 2011, the Defendants agreed to settle its lien on the liability settlement for 1/3 of the lien ($10,613.16);

8. That on or about April 18, 2011, Plaintiff settled with his Underinsured Motorist Carrier (UIM) for injuries sustained in the 2009 accident for a total of $30,000.00;

9. That the Defendants were unaware of the UIM funds at the time the lien was settled in January of 2011;

10. That Plaintiff contends that South Carolina law applies because the Plaintiff was entitled to UIM funds pursuant to a South Carolina Policy. Plaintiff further contends that the Defendants cannot subrogate UIM funds under South Carolina law (S.C. Code[] Ann. §38-77-160);

11. That Plaintiff also contends that there was an accord and satisfaction because the Defendants agreed to 1/3 of the lien;

12. That the Defendants contend that they are entitled to the remaining $21,206.31 of the lien from the UIM funds because North Carolina [law] applies and because they were not aware of the UIM funds at the time of the settlement[.]

Based upon the findings of fact the trial court ordered:

1. That North Carolina law should apply because the Plaintiff is seeking relief pursuant to North Carolina law (NCGS §97-10.2(j));

2. That North Carolina does not have a statute which prevents subrogation of UIM funds;

3. That applying S.C. Code Ann §38-77-160 in this case would be contrary to the policies and procedures set for[th] in the North Carolina Worker's [sic] Compensation Act.

4. That there is not an accord and satisfaction of the lien as it relates to the UIM funds because the Defendants were not aware of the UIM funds at the time of the settlement of the lien;

5. That after consider[ing] all of the factors in 97-10.2(j), including the anticipated amount of prospective compensation the employer or worker's [sic] compensation carrier is likely to pay to the employee in the future, the net recovery to Plaintiff, the likelihood of the Plaintiff prevailing at trial or on appeal, the need for finality in the litigation and other factors as set forth above, the Defendants are entitled to the remaining $21,206.31 of the lien from the $30,000.00 of UIM funds.

Plaintiff appeals.

## II. N.C. Gen. Stat. § 97-10.2(j)

Plaintiff contends that the trial court erred by applying North Carolina law because this issue is controlled by South Carolina law as the funds subject to subrogation were paid under a South Carolina UIM policy. Plaintiff asserts that

in allowing defendants to recoup their workers' compensation lien under N.C. Gen. Stat. § 97-10.2(j), the superior court judge misapprehended the law by engrafting the substantive law of North Carolina upon an insurance contract between a South Carolina resident and his UIM carrier, which the substantive law of South Carolina governed.

(Original in all caps.) Essentially, plaintiff contends that because the funds at issue were paid to plaintiff from a South Carolina contract — his UIM insurance policy — South Carolina law controls. However, the terms of the insurance contract are not at issue in this case, and defendant was not even a party to the South Carolina contract; the issue here is actually what law applies to the trial court's authority to adjust the North Carolina lien on plaintiff's UIM funds, despite their origin.

Whether North Carolina law or South Carolina law governs is a question of law which we review *de novo*. *See Harris v. Ray Johnson Const. Co., Inc.*, 139 N.C. App. 827, 829, 534 S.E.2d 653, 654 (2000). Under N.C. Gen. Stat. § 97-10.2, a subrogation lien for the benefit of the workers' compensation carrier automatically attaches to the third party proceeds received by a plaintiff for whom the carrier has paid medical expenses arising from the injury by accident. *See Cook v. Lowe's Home Centers, Inc.*, 209 N.C. App. 364, 367, 704 S.E.2d 567, 570 (2011) ("Under North Carolina law an employer's statutory right to a lien on a recovery from the third-party tort-feasor is mandatory in nature." (citation, quotation marks, ellipses, and brackets omitted)). This lien may be reduced or eliminated by the trial court in certain circumstances, under N.C. Gen. Stat. § 97-10.2(j), which provides as follows:

> Notwithstanding any other subsection in this section, in the event that a judgment is obtained by the employee in an action against a third party, or in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge of the county in which the cause of action arose or where the injured employee resides, or to a presiding judge of either district, to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation

to be shared between the employee and employer. The judge shall consider the anticipated amount of prospective compensation the employer or workers' compensation carrier is likely to pay to the employee in the future, the net recovery to plaintiff, the likelihood of the plaintiff prevailing at trial or on appeal, the need for finality in the litigation, and any other factors the court deems just and reasonable, in determining the appropriate amount of the employer's lien. If the matter is pending in the federal district court such determination may be made by a federal district court judge of that division.

N.C. Gen. Stat. § 97-10.2(j) (2009).

Plaintiff recognizes that N.C. Gen. Stat. § 97-10.2 provides a "procedural remedy" and not a substantive claim, but still argues that the substantive law of South Carolina should be applied in this case, relying upon *Cook*. *Cook*, 209 N.C. App. 364, 704 S.E.2d 567. In *Cook*, this Court determined that N.C. Gen. Stat. § 97-10.2(j) "is remedial in nature" and that "remedial rights are determined by the law of the forum." 209 N.C. App. 364, 367-68, 704 S.E.2d 570-71.

Cook, an employee of the Oryan Group, a Tennessee corporation, sustained an injury in the course of performing the duties of his employment on the premises of Lowe's Home Improvement in Greensboro, North Carolina. Before a Chancery Court of Tennessee, Cook and the Oryan Group acknowledged Tennessee Workers' Compensation Law applied to them at the time of his injury. Cook and the Oryan Group petitioned the Chancery Court pursuant to Tennessee Workers' Compensation Statutes for, and thereafter received, a lump sum settlement wherein Cook recovered from his employer and Hartford Insurance $97,397.00 for permanent-partial disability of 75% to the body as a whole and ongoing medical treatment of his injury by authorized, pre-approved panel physicians. Subsequently, Cook filed a negligence action against defendants in Superior Court in Guilford County, North Carolina. Hartford Insurance intervened to enforce a subrogation lien against any recovery. Cook and defendants settled the North Carolina negligence claim for $220,000.00. Cook filed a motion in the Superior Court to reduce or extinguish the lien pursuant to N.C. Gen. Stat.

§ 97–10.2(j), which Hartford Insurance opposed by assert-
ing that Tennessee law applied. However, after a hearing,
the trial court entered an order reducing the amount of
the lien to $30,000.00 pursuant to N.C.G.S § 97–10.2(j).

*Id.* at 367-68, 704 S.E.2d at 570. "On appeal, Hartford Insurance
challenge[ed] the trial court's ruling that North Carolina law applied
to the issue of reduction or elimination of the workers' compensation
subrogation lien. Hartford argue[ed] that Tennessee law would not per-
mit reduction of the subrogation lien and that Tennessee law should be
applied here." *Id.* at 366, 704 S.E.2d at 569. This Court disagreed stating,

As to substantive laws, or laws affecting the
cause of action, the lex loci—or law of the juris-
diction in which the transaction occurred or
circumstances arose on which the litigation is
based—will govern; as to the law merely going
to the remedy, or procedural in its nature, the lex
fori—or law of the forum in which the remedy is
sought—will control.

Where a lien is intended to protect the interests of those
who supply the benefit of assurance that any work-related
injury will be compensated, it is remedial in nature. A stat-
ute that provides a remedial benefit must be construed
broadly in the light of the evils sought to be eliminated,
the remedies intended to be applied, and the objective to
be attained.

Under North Carolina law an employer's statutory
right to a lien on a recovery from the third-party tort-
feasor is mandatory in nature. However, after notice to the
employer and the insurance carrier, after an opportunity
to be heard by all interested parties, and with or without
the consent of the employer, the judge shall determine, in
his discretion, the amount, if any, of the employer's lien.

There is no mathematical formula or set list of
factors for the trial court to consider in making
its determination; the statute plainly affords the
trial court discretion to determine the appropri-
ate amount of defendant's lien. The exercise of
discretion requires that the court make a rea-
soned choice, a judicial value judgment, which
is factually supported.

ANGLIN v. DUNBAR ARMORED, INC.

[226 N.C. App. 203 (2013)]

*Id.* at 366-67, 704 S.E.2d at 569-70 (citations, quotation marks, ellipses, and brackets omitted). The *Cook* Court thus determined that rights arising from the subrogation lien under N.C. Gen. Stat. § 97-10.2(j) are remedial or procedural, not substantive. *Id.* at 367-68, 704 S.E.2d at 570-71.

> [A]s stated earlier, remedial rights are determined by the law of the forum. In this case the forum is North Carolina.
>
> The North Carolina subrogation statute at issue here gives the court discretion to consider many factors, including any other factors the court deems just and reasonable, in determining the amount of the employer's lien. In his motion to reduce or extinguish the lien, Cook set forth the significant injuries he suffered, including impairment of his ability to earn wages. He also emphasized to the court that his worker's [sic] compensation award was grossly insufficient and inadequate to compensate him for his disability. After a hearing on the motion the trial court entered its ruling reducing Hartford's lien to $30,000. We hold the trial court acted within, and did not abuse, its discretion in applying North Carolina law and reducing the amount of Hartford Insurance's subrogation lien pursuant to N.C.G.S. § 97–10.2(j).

*Id.* at 368, 704 S.E.2d at 571 (citation and quotation marks omitted).

Plaintiff argues that under *Cook*, the procedural remedy of adjustment of the subrogation lien by the court was available only because the substantive law of Tennessee did not differ from North Carolina's law as to the availability of subrogation liens. After a thorough analysis of *Cook*, we disagree with plaintiff's interpretation. In *Cook*, this Court determined that North Carolina law, N.C. Gen. Stat. § 97-10.2(j), was applicable not because "the substantive law of Tennessee did not differ from the substantive law of North Carolina" but because N.C. Gen. Stat. § 97-10.2(j) "is remedial in nature" and "remedial rights are determined by the law of the forum" which in *Cook* was North Carolina. 209 N.C. App. at 367-68, 704 S.E.2d at 570-71; *see Robinson v. Leach*, 133 N.C. App. 436, 514 S.E.2d 567 (determining that subrogation on UIM funds is procedural in nature and thus controlled by North Carolina law, the law of the forum state), *disc. review denied*, 350 N.C. 835, 539 S.E.2d 293 (1999). As plaintiff sought reduction or elimination of the subrogation lien pursuant to N.C. Gen. Stat. § 97-10.2(j), and as this Court has previously determined that N.C. Gen. Stat. § 97-10.2(j) "is remedial in nature" and "remedial rights are determined by the law of the forum[,]" *Cook* at

367-68, 704 S.E.2d at 570-71, the trial court did not err in applying N.C. Gen. Stat. § 97-10.2(j) to plaintiff's UIM funds received under a South Carolina insurance policy.[1]

### III.  Conclusion

For the foregoing reasons, we affirm.

AFFIRMED.

Judges STEPHENS and DILLON concur.

---

1. Of course, had the trial court in its discretion decided to reduce or eliminate the subrogation lien, plaintiff would be in the same position as the plaintiff in *Cook*; the only difference here is that the trial court in *Cook* decided to reduce the lien, while the trial court here decided not to reduce or eliminate the lien. *See Cook*, 209 N.C. App. at 366, 704 S.E.2d at 569. But as to the applicable law or the trial court's authority, there is no difference between this case and *Cook*, only the result, and thus the party appealing is different. *See id.*