An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-781

NORTH CAROLINA COURT OF APPEALS

Filed: 4 February 2014

THOMAS ADAIR HALL,
        Plaintiff-Appellee,

        v.                                    Iredell County
                                              No. 11-CVS-2506
NORTH CAROLINA SERVICES
CORPORATION, AND MANHEIM
REMARKETING, INC., AND MANHEIM
CORPORATE SERVICES, INC., All also
known as or doing business as
MANHEIM STATESVILLE, MANHEIM
CONSULTING, TOTAL RESOURCE
AUCTIONS, and/or STATESVILLE AUTO
AUCTION,
        Defendants,

PMA INSURANCE GROUP,
        Carrier,

and

SHELOR CHEVROLET CORPORATION,
        Employer,
        Appellants.


        Appeal by Appellants from order entered 11 February 2013 by

Judge Nathaniel J. Poovey in Superior Court, Iredell County.

Heard in the Court of Appeals 7 January 2014.


        *No brief for Plaintiff-Appellee.*

*Hedrick Gardner Kincheloe & Garofalo, LLP, by M. Duane Jones, Elizabeth A. Sprenger, and Lindsey L. Smith, for Employer/Carrier-Appellants.*

McGEE, Judge.

Thomas Adair Hall ("Plaintiff") was injured in the course and scope of his employment with Shelor Chevrolet ("Employer") on 26 August 2008, when he was hit by a vehicle operated by Byrum Holmes ("Mr. Holmes"). The record suggests Mr. Holmes was an employee of either North Carolina Services Corporation, Manheim Remarketing, Inc., Manheim Corporate Services, Inc., Manheim Statesville, Manheim Consulting, Total Resource Auctions, or Statesville Auto Auction (together, "Defendants").

Employer's workers' compensation carrier, PMA Insurance Group ("Carrier"), accepted Plaintiff's claim for workers' compensation benefits as compensable and paid $87,170.76 in medical expenses to Plaintiff. Plaintiff initiated suit on 19 August 2011 against Defendants for negligence. Plaintiff entered a "compromised settlement of his third party personal injury claim against Manheim Statesville in the amount of $200,000.00."

Plaintiff filed a motion pursuant to N.C. Gen. Stat. § 97-10.2(j), asking the trial court "to determine the subrogation amount, if any, of the workers compensation carrier, PMA Insurance Group[.]" That statute provides as follows:

> Notwithstanding any other subsection in this section, in the event that a judgment is obtained by the employee in an action against a third party, or in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge of the county in which the cause of action arose or where the injured employee resides, or to a presiding judge of either district, to determine the subrogation amount.

N.C. Gen. Stat. § 97-10.2(j) (2013). "[T]he judge shall determine, in his discretion, the amount, if any, of the employer's lien[.]" *Id.* The trial court in this case considered the factors set forth in N.C.G.S. § 97-10.2(j) and reduced the "workers compensation lien or subrogation right" of Employer and Carrier to $40,000.00. Employer and Carrier (together, "Appellants") appeal.

Appellants argue the trial court "erred in applying North Carolina law to the determination of the amount of the Employer/Carrier's workers' compensation lien." Appellants contend the trial court should have applied Virginia workers' compensation law because the "parties negotiated to provide workers' compensation benefits in accordance with the terms and provisions" of Virginia law. However, binding precedent from this Court controls the outcome of this case.

The facts in *Cook v. Lowe's Home Centers, Inc.*, 209 N.C. App. 364, 704 S.E.2d 567 (2011) are similar to the facts of the

present case. In *Cook*, the plaintiff suffered an injury by accident in North Carolina and "entered into a lump-sum worker's compensation settlement" with his employer "with the approval of the Chancery Court of Tennessee[.]" *Id.* at 365, 704 S.E.2d at 569. The plaintiff then filed a complaint against the defendants, alleging the defendants' negligence caused his injuries, and reached a settlement with the defendants for $220,000.00. *Id.* The plaintiff moved to reduce the workers' compensation lien on his negligence settlement, and the trial court reduced the lien to $30,000.00. *Id.* at 365-66, 704 S.E.2d at 569.

On appeal, the employer and carrier in *Cook* argued that Tennessee law, which did not permit reduction of the lien, should have been applied. *Id.* at 366, 704 S.E.2d at 569. This Court rejected that argument, holding that N.C.G.S. § 97-10.2(j) was remedial in nature. *Cook*, 209 N.C. App. at 368, 704 S.E.2d at 570-71. As to "the law merely going to the remedy, or procedural in its nature, the lexi fori——or law of the forum in which the remedy is sought——will control." *Id.* at 366, 704 S.E.2d at 570. "In this case the forum is North Carolina." *Id.* at 368, 704 S.E.2d at 571.

This Court recently applied the rule in *Cook* in *Anglin v. Dunbar Armored, Inc.*, ___ N.C. App. ___, ___, 742 S.E.2d 205,

206 (2013), a case in which the plaintiff filed a motion to "reduce [the] Defendants' subrogation interest[.]" The trial court concluded that "North Carolina law should apply because the [p]laintiff is seeking relief pursuant to North Carolina law[.]" *Id.* at ___, 742 S.E.2d at 207. The trial court further concluded that the defendants were "entitled to the remaining $21,206.31 of the lien from the $30,000.00 of UIM funds." *Id.*

On appeal, the plaintiff argued that, "because the funds at issue were paid to [the] plaintiff from a South Carolina contract—his UIM insurance policy—South Carolina law controls." *Id.* at ___, 742 S.E.2d at 207. However, this Court rejected the plaintiff's argument because "the terms of the insurance contract [were] not at issue in [that] case." *Id.* This Court ultimately concluded that the trial court did not err in applying N.C.G.S. § 97-10.2(j). *Id.* at ___, 742 S.E.2d at 209.

Appellants contend *Cook* misinterpreted the law and urge this Court "to reconsider its holding in *Cook* that the lex fori governs the determination of the employer's lien[.]" This we are without authority to do. *Pritchett & Burch, PLLC v. Boyd*, 169 N.C. App. 118, 123, 609 S.E.2d 439, 442-43 (2005) ("We are bound by prior decisions of this Court."); *see also In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 379 S.E.2d 30

(1989).  In accordance with *Cook* and *Anglin*, the decision of the trial court to apply N.C.G.S. § 97-10.2(j) is affirmed.

Affirmed.

Judges ELMORE and STROUD concur.

Report per Rule 30(e).